SCHEB, Judge.
This appeal is from the trial court’s summary denial of a motion seeking post-conviction relief under Florida Rule of Criminal Procedure 3.850.
Defendant raises three points in his motion, only two of which have merit. Defendant first alleges that his sentence was in excess of the maximum authorized by law, and second, that the trial court violated the plea bargain negotiated by defendant. These allegations, if true, would entitle defendant to relief. However, the trial court failed to either conduct an eviden-tiary hearing or attach relevant portions of the record which refute the allegations raised by defendant as required by Rule 3.850.
Accordingly, we reverse the trial court's denial of defendant’s motion and remand the case to the trial court. On remand the trial court may either again summarily deny the motion as to the two allegations specified and attach to its order those portions of the record which conclusively show defendant is not entitled to relief, or hold an evidentiary hearing and then rule on the grounds alleged in defendant’s motion. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review defendant must appeal the new ruling of the trial court.
REVERSED.
OTT, C.J., and HOBSON, J., concur.