448 So.2d 628 (1984)
Tondrick HOUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 83-690.
District Court of Appeal of Florida, Fifth District.
April 19, 1984.
*629 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
The issue on appeal is whether the statutory three-year minimum penalty provided for in section 775.087(2)(b) Florida Statutes (1981), may be imposed on a defendant found guilty of an armed robbery participated in with others, in the absence of a finding by the jury that the defendant had the firearm in his actual possession.
There was sufficient evidence presented at trial to find appellant guilty of the crime charged because, despite a dispute in the evidence as to which of the three participants actually had possession of the single gun employed in the robbery, if any one of them carried the firearm during the commission of the crime, all of them are guilty as principals under section 777.011, Florida Statutes (1981). See § 812.13(2)(a), Fla. Stat. (1981).
This is not to say, however, that the three-year minimum mandatory sentence may be imposed merely on the basis of the finding of guilt, because the imposition of the mandatory minimum sentence requires that defendant have had actual, as distinguished from vicarious, possession of the firearm during the robbery. Earnest v. State, 351 So.2d 957 (Fla. 1977). This court has previously held that unless the crime charged is such as requires actual possession of a firearm to commit the crime or unless the allegations and proof lead to the inescapable conclusion that the defendant possessed a firearm during the commission of the crime, then the jury must specifically find that defendant possessed the firearm during the commission of the crime. Tindall v. State, 443 So.2d 362 (Fla. 5th DCA 1983). Although the information charges appellant with the commission of the robbery while carrying a firearm, the State's proof at trial was very much in dispute as to which of the three participants actually had possession of the gun at the time the robbery was committed. Because a finding of guilt of armed robbery in a fact situation such as the one before us does not necessarily require a finding that defendant actually possessed the gun, a special finding by the jury to that effect was required before the minimum mandatory sentence could be imposed.
Because the jury was not requested to make such finding and because the sentencing error was fundamental (Reynolds v. State, 429 So.2d 1331 (Fla. 5th DCA 1983)) even in the absence of objection below, we are compelled to set aside the three year minimum mandatory sentence. In all other respects, the judgment and sentence are affirmed.
AFFIRMED in part and REVERSED in part.
SHARP and COWART, JJ., concur.