483 So.2d 860 (1986)
Robert G. HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-663.
District Court of Appeal of Florida, Fifth District.
February 27, 1986.
*861 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction and sentence for manslaughter.
The first point on appeal involves alleged prosecutorial misconduct regarding a comment about the failure of the defendant to call witnesses for his defense. There was no misconduct and no error. Defense counsel invited the comments by his argument regarding the failure of the state to present certain evidence and call certain witnesses. The state attorney's comments were fair rebuttal.
The second point on appeal involves a sentence enhancement. Because a firearm was possessed in the commission of the crime, appellant's sentence was enhanced from a second degree felony punishment to a first degree felony punishment under authority of section 775.087(1), Florida Statutes (1983). It was error for the court to have enhanced the penalty because before that can lawfully be done, there must be a specific finding by the jury that a firearm was possessed during the commission of the manslaughter. State v. Overfelt, 457 So.2d 1385 (Fla. 1984), which cites and implicitly overrules Tindall v. State, 443 So.2d 362 (Fla. 5th DCA 1983).
The third point on appeal involves a departure sentence under the guidelines. Because we must remand this case for resentencing under point two we express no opinion regarding the departure.
The conviction is affirmed, the sentence vacated and this cause remanded for resentencing as a second degree felony.
Conviction AFFIRMED; sentence VACATED, REMANDED.
UPCHURCH and COWART, JJ., concur.