486 So.2d 45 (1986)
Curtis DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1159.
District Court of Appeal of Florida, Fifth District.
April 3, 1986.
*46 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is an appeal of a denial of a motion for post-conviction relief (Fla.R.Crim.P. 3.850) in which the petitioner claims that a thirty year sentence had been illegally imposed on him in that the punishment for his conviction for attempted second-degree murder (§§ 777.04(1) and 782.04(2), Fla. Stat.), nominally a second-degree felony, was improperly reclassified as a first-degree felony. The motion was denied after an evidentiary hearing.
Petitioner was charged with attempted first-degree murder and convicted of attempted second-degree murder. The trial judge reclassified the offense from a second-degree felony punishable by a maximum term of fifteen years imprisonment, §§ 777.04(4)(b) and 775.082(3)(c), Fla. Stat., to a first-degree felony punishable by a maximum term of thirty years imprisonment pursuant to section 775.087(1), Fla. Stat., on the ground that the petitioner used a firearm during the commission of the offense.
Petitioner contends that the jury must make the finding that a firearm was used in the commission of the offense by answering a special question on a special verdict form and the trial judge's finding that a firearm was used is insufficient to reclassify the offense, citing State v. Overfelt, 457 So.2d 1385 (Fla. 1984). The State cites Tindall v. State, 443 So.2d 362 (Fla. 5th DCA 1983), as authority for the proposition that a special jury finding is necessary only when the defendant is charged with a crime involving the use of a firearm, but convicted of a lesser included offense not requiring the use of a firearm.
Tindall v. State expressly disagreed with the holding in Overfelt v. State, 434 So.2d 945 (Fla. 4th DCA 1983), on this point, which was the very basis for the dissent of Judge Cobb in Tindall. On this point the supreme court in State v. Overfelt, 457 So.2d 1385 (Fla. 1984), specifically agreed with the fourth district court opinion in Overfelt and impliedly, if not expressly, disapproved of Tindall. Henry v. State, 483 So.2d 860 (Fla. 5th DCA 1986).
However, the jury verdict, which was, of course, in the files and records before the trial court at the time of the evidentiary hearing on the 3.850 motion, shows that the jury found the defendant "guilty of attempted second-degree murder with a firearm" rather than the alternative choice of "guilty of attempted second-degree murder without a firearm." Although the verdict form did not use the precise language of the statute, we find it sufficient to comply with Overfelt, supra.
Accordingly, we affirm the trial court's denial of petitioner's motion for post-conviction relief.
AFFIRMED.
COBB, C.J., and ORFINGER, J., concur.