COBB, Chief Judge.
The appellant Gillis was convicted of attempted first-degree murder with a firearm; possession of a firearm in the commission of a felony; aggravated battery with a firearm; aggravated battery; aggravated assault with a firearm; and kidnapping. He was sentenced to twenty years each, concurrently, for the attempted murder and kidnapping; and five years each, concurrently, for the remaining counts. Additionally, pursuant to section 775.087, Florida Statutes (1983), he received consecutive three-year minimum mandatory sentences for the three felonies (attempted murder, aggravated battery and aggravated assault) accompanied by possession of a firearm.
On appeal Gillis contends that the consecutive minimum mandatory sentences were in error. The facts show that the victim of the aggravated battery and the attempted murder was first pistol whipped, then shot in the arm, by one John Thomas, an accomplice of Gillis, at a time when Gillis was also present and armed with a firearm. Gillis relies upon the case of Earnest v. State, 351 So.2d 957 (Fla.1977), wherein the Florida Supreme Court, acknowledging the doctrine that criminal statutes must be strictly construed, held that the term “possession” in section 775.-087(2) does not clearly encompass constructive possession. Earnest is readily distinguishable from the instant case. Gillis’ possession of a firearm during the two offenses was actual, not vicarious. The fact that a second firearm was possessed and used by Thomas is irrelevant.
Gillis also contends, however, that the jury made no finding that he actually possessed a firearm in its verdict against him as to aggravated battery. The record shows the verdict form against Gillis reads: “We, the jury, find Defendant guilty as charged of aggravated battery with a firearm.” There was no separate interrogatory verdict relating to the possession of a firearm by Gillis. This verdict form would be sufficient to comply with the requirement of a jury finding of possession by Gillis pursuant to State v. Overfelt, 457 So.2d 1385 (Fla.1984), if there had been but one defendant and one firearm. See Davis v. State, 486 So.2d 45 (Fla. 5th DCA 1986). But under the instant facts, the verdict form lacks the requisite specificity because the firearm referred to in the verdict obviously was the one used and possessed by Thomas. Gillis was guilty as a principal. Hence, we must reverse the mandatory three-year sentence for possession of a firearm during commission of the aggravated battery in accordance with Overfelt.
Gillis also contends that the offenses of attempted murder and aggravated battery were part of a single, continuous episode which precludes consecutive mandatory sentences pursuant to Palmer v. State, 438 So.2d 1 (Fla.1983). However, Palmer recognized the validity of such sentences for offenses arising from incidents occurring at separate times and places. There was evidence in the instant case that the pistol whipping of the victim in his bedroom was a completed criminal episode prior to the victim’s subsequent attempt to flee his captors on the street, at which time Thomas shot him. See James v. State, 462 So.2d 858 (Fla.2d DCA 1985).
We find the appellant’s remaining point regarding a purported discovery violation by the state to be without merit. In furnishing to the defendant a typed transcript of the defendant’s custodial statement, the state sufficiently apprised the *708 defendant of the physical existence of the tape recording from which it was transcribed. At trial there was no objection to the introduction of the transcript itself.
We affirm the convictions and sentences herein except for the imposition of the mandatory three years for firearm possession in conjunction with aggravated battery, which sentence is reversed.
AFFIRMED in part; REVERSED in part.
UPCHURCH and COWART, JJ., concur.