UPCHURCH, Chief Judge.
Jay Moss appeals a judgment and sentence after he was found guilty of one count of kidnapping, one count of first degree murder and two counts of robbery with a deadly weapon.
The first two points are without merit. In the third point, Moss contends that the mandatory minimum sentences of three years on the robbery counts imposed under section 775.087(2)(b), Florida Statutes (1985), were improper because the jury did not find that he possessed a firearm during the commission of these crimes. We agree.
Section 775.087 provides for a three year minimum mandatory sentence for a defendant who uses a firearm during the commission of a felony. Before the trial court can impose this mandatory term, the jury must either find the defendant guilty of a crime which involves a firearm or answer a specific question on a special verdict form so indicating. Overfelt v. State, 457 So.2d 1385 (Fla.1984);[1] Gillis v. State, *235 486 So.2d 706 (Fla. 5th DCA 1986); Davis v. State, 486 So.2d 45 (Fla. 5th DCA 1986); Henry v. State, 488 So.2d 860 (Fla. 5th DCA 1986).
The evidence at trial did not disclose that a firearm was used in the commission of these crimes. The indictment alleged “in the course of committing the robbery ... Jay Vernon Moss did carry a firearm or other deadly weapon, to wit: a knife.” The jury’s verdict found Moss guilty as charged of robbery with a deadly weapon but the jury made no determination as to whether the weapon was a firearm. Because there was no evidence that a firearm was used and the information charged Moss with using a knife as a deadly weapon, the court below erred by imposing these minimum mandatory sentences.
The judgments and sentences are affirmed with the exception of the sentences on the robbery counts which are amended to delete the minimum mandatory requirement.
AFFIRMED in part; REVERSED in part.
DAUKSCH and SHARP, JJ., concur.

. Overfelt implicitly overrules this court’s prior decision in Tindall v. State, 443 So.2d 362 (Fla. 5th DCA 1983).