529 So.2d 787 (1988)
Hubert Bradford LEEKS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-87.
District Court of Appeal of Florida, Second District.
July 29, 1988.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
*788 Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
As the result of a two count information charging Leeks with the possession of cocaine with intent to sell and the sale of that substance, he was convicted by a jury and sentenced to two years of imprisonment on each charge, the sentences to run concurrently. In seeking to overturn his convictions, he raises two points to which we respond in turn.
During the course of the state's case, a police officer, Davila, identified Leeks as the person from whom he purchased one cocaine rock. Davila testified on cross-examination that he did not observe a scar on Leeks' face. At the close of the state's case, Leeks' attorney asked the trial court to permit Leeks to approach the jury in order that it would be able to examine his face. The trial court announced that if Leeks were to stand closer to the jury, he would forfeit his ability to open and close the final arguments. In the trial court's view, Leeks' proposed action was tantamount to "producing evidence other than the testimony of the defendant" with the result that he would be foreclosed by operation of rule 3.250 of the Florida Rules of Criminal Procedure from the benefit of opening and closing the arguments to the jury. The trial court did, however, permit Leeks' attorney to relocate him at the counsel table, presumably placing him closer to the jury, and his attorney opened and closed the final arguments.
Notwithstanding that the right conferred by the rule is not endowed with constitutional sanctity, Herring v. New York, 422 U.S. 853, 863 n. 13, 95 S.Ct. 2550, 2556, n. 13, 45 L.Ed.2d 593 (1975); Preston v. State, 260 So.2d 501, 504-505 (Fla. 1972), it is a substantial procedural right which, if denied to a criminal defendant, constitutes reversible error. Birge v. State, 92 So.2d 819, 820 (Fla. 1957). Leeks, however, was not denied the procedural right provided in rule 3.250. Even if we were to assume without deciding, that the trial court misperceived the effect upon rule 3.250 of Leeks' designed presence close to the jurors, such error was harmless. In each of his arguments to the jury, Leeks' attorney emphasized the facial scar which, it appears from the record, was substantial and traversed the bridge of his nose.
Leeks' second point challenges the constitutionality of separate convictions and sentences for the possession of cocaine with intent to sell and the sale of cocaine in violation of section 893.13(1)(a), Florida Statutes (1985). The charges originated in a transaction which occurred on November 20, 1985. On that occasion Leeks possessed four cocaine rocks but only one was sold to Officer Davila. In Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), we passed upon this exact issue. In Gordon the defendant possessed and sold only one cocaine rock. On those facts we found, based upon Carawan v. State, 515 So.2d 161 (Fla. 1987), that the double jeopardy clause was violated when Gordon was convicted of both possession with intent to sell and sale of the same cocaine, each charge arising from a single act. Here, we find no violation of the prohibition against double jeopardy for the reason that Leeks possessed four cocaine rocks but sold only one; three remained in his possession. Hence, two crimes were committed for which Leeks could, and did, receive separate convictions and sentences. Gordon n. 2 at p. 911.
Accordingly, Leeks' convictions and sentences are affirmed.
CAMPBELL, C.J., and LEHAN, J., concur.