536 So.2d 1161 (1988)
STATE of Florida, Appellant,
v.
Richard Allen JONES, Appellee.
No. 87-2118.
District Court of Appeal of Florida, Fifth District.
December 29, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant was charged by information with burglary of a dwelling "... in the course of [which the defendant] was armed with ... a firearm." The verdict returned by the jury was that "The Defendant is GUILTY of Burglary of a dwelling While Armed as charged in the Information." At sentencing, the State urged the court to impose the mandatory minimum three year sentence pursuant to section 775.087(2), Florida Statutes (1987), but the court rejected that request. The State appeals and we reverse.
The evidence showed defendant and two other men entered a mobile home and removed, inter alia, a handgun and two rifles. The evidence was undisputed that the three perpetrators found two rifles and one handgun in the home, and that defendant took physical possession of the handgun and one rifle and carried them out of the home.
In rejecting the imposition of the mandatory minimum sentence the trial court relied on State v. Pilcher, 443 So.2d 366 (Fla.5th DCA 1983) which held that the mandatory minimum sentence could not be imposed when the burglar was not armed when he entered the structure. However, since the sentence was imposed here, Pilcher has been expressly overruled by Williams v. State, 517 So.2d 681 (Fla. 1988). In Williams, the supreme court expressly held that the mandatory sentence applies to a burglary conviction if the defendant was not in possession of a firearm when he initiated the burglary but only acquired the firearm after entering the premises.
Defendant argues that the mandatory minimum three year sentence could not be imposed because the jury did not make a specific finding in answer to a specific question that he used a weapon in the *1162 commission of the offense. See State v. Overfelt, 457 So.2d 1385 (Fla. 1984). However, this court has previously rejected this argument where the verdict form reflects the jury's finding that defendant was found guilty of committing the crime "with a firearm." See Davis v. State, 486 So.2d 45 (Fla.5th DCA 1986). Cf. Gillis v. State, 486 So.2d 706 (Fla. 5th DCA 1986). A jury finding of "guilty as charged" has been held a sufficient basis for an enhanced sentence because a firearm was used where, as here, the information specifically charged defendant with use of a firearm in the commission of the felony. Luttrell v. State, 513 So.2d 1298 (Fla.2d DCA 1987); Webster v. State, 500 So.2d 285 (Fla.1st DCA 1986). We agree that when an information charges that the defendant committed the crime while armed with a firearm, and the jury finds him guilty "as charged," such is a sufficient finding to require the imposition of the statutory mandatory minimum sentence.
The instant case is distinguishable from Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984) because here the evidence was unrebutted that defendant had actual possession of the firearms and that he carried the firearms from the home. In Hough, the defendant was found guilty of armed robbery and the evidence was very much in dispute as to which of the three participants actually possessed the firearm during the course of the robbery. As we pointed out in Hough, one can be guilty of armed robbery without possessing a firearm if any one of the several participants therein carries a gun. In the case before us, the defendant was specifically charged with possession of a firearm during the course of the burglary, the evidence is unrebutted that he carried the firearms out of the house, and the jury found him guilty "as charged."
The trial court's refusal to impose the mandatory minimum sentence of three years for possession of a firearm during the commission of the burglary was error. We therefore reverse for imposition of the mandatory minimum sentence.
REVERSED AND REMANDED.
DANIEL, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
I respectfully dissent.
In my opinion the trial judge was correct. There was no specific finding by the jury that appellee personally, as opposed to vicariously, possessed the firearm. Vicarious possession is sufficient to convict but insufficient to warrant the mandatory minimum sentence. Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984).