541 So.2d 1240 (1989)
John Wesley WILLINGHAM, Appellant,
v.
STATE of Florida, Appellee.
Nos. 87-2856, 88-165.
District Court of Appeal of Florida, Second District.
March 3, 1989.
Rehearing Denied April 12, 1989.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
John Willingham seeks a belated appeal of the judgments and sentences for possession of cocaine with intent to deliver or sell and delivery or sale of cocaine, with a firearm. We find the denial of Willingham's motion for a judgment of acquittal concerning the use of a firearm was error but otherwise affirm the convictions.
*1241 Officer Dowdy of the Lake Wales Police Department was working undercover purchasing drugs. Willingham, with two others named Marshall and Bo Peep, approached the officer's car which was stopped at a stop sign. When the officer asked for cocaine, Willingham asked Marshall for a rock, to which Marshall responded by handing Willingham a match box with two pieces of cocaine. After some price dickering, the officer handed Marshall twenty dollars, and Willingham handed the officer one piece of the cocaine.
At this time, the officer noticed a small pistol in Marshall's hand. The officer never saw the firearm on Willingham's person. As the officer drove away, according to a statement later given by Marshall, Willingham stated, "He's the police." Willingham then grabbed Marshall's pistol and began shooting at the departing officer. Marshall later admitted to another officer his involvement in the drug sale and possession of the gun. Marshall also stated he had seen Willingham grab and fire the pistol.
The one issue we must address in this appeal is:
Whether a defendant can be reclassified to a higher felony under section 775.087(1), Florida Statutes (1987),[1] when an accomplice, and not the defendant, holds a firearm during a drug transaction?
The state charged Willingham with both possession of the cocaine with the intent to deliver or sell and the delivery or sale of cocaine as offenses occurring with a firearm. The state relied on section 775.087(1) to enhance each crime to a higher degree felony. Counsel for defendant moved for a judgment of acquittal on each offense, alleging the state failed to establish a prima facie case that Willingham carried, displayed, used, threatened, or attempted to use any weapon or firearm during the commission of these crimes. The motion was denied, and the jury returned verdicts finding Willingham guilty of possession of cocaine with intent to deliver or sell, without a firearm, and guilty of delivery or sale of cocaine, with a firearm. As a result of the jury's finding that the second offense occurred with a firearm, the sale of cocaine conviction was reclassified from a second-degree felony to a first-degree felony.
The Florida Standard Jury Instructions for the offense of sale or delivery of controlled substances in violation of section 893.13(1)(b), Florida Statutes (1987), defines "sell" as "to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value." According to section 893.02(5), "`deliver' or `delivery' means the actual, constructive, or attempted transfer from one person to another of a controlled substance."
In this instance, the sale of cocaine offense involved an exchange of the cocaine for money. This exchange, and therefore the offense, was completed before Willingham seized the gun and began shooting it. As such, it cannot be said that Willingham "carried or used" the gun during the commission of the sale offense. But see Menendez v. State, 521 So.2d 210 (Fla. 1st DCA 1988) (court found substantial, competent circumstantial evidence that defendant carried or used a firearm at some point in the course of trafficking in cocaine to support enhancement under section 775.087(1), since the trafficking offense is essentially ongoing and can last for a period of months).
Also, in Smith v. State, 438 So.2d 10 (Fla. 2d DCA 1983), review denied, 447 So.2d 888 (Fla. 1984), this court found the evidence supported a finding that each appellant carried a firearm while possessing marijuana. There, two guns were found, one in Smith's trousers and the other in the *1242 immediate area of the van where Smith's codefendant had been present. As pointed out by the Menendez court, Smith also involved a continuous offense such as trafficking  possession. That is not the case here since the pertinent offense is sale, not possession, and the only gun involved was that carried by Willingham's accomplice during the sale transaction.
Since Willingham did not "carry or use" a gun during the sale offense, then the only basis for the jury finding that he used a firearm is under the principal theory as an aider and abettor to his accomplice Marshall, which was instructed by the trial court. See § 777.011, Fla. Stat. (1987). There do not appear to be any cases which specifically address the vicarious use or carrying of a firearm for the purpose of enhancement of a defendant's sentence under section 775.087(1). However, there is ample case law which holds that vicarious possession is not adequate for purposes of imposing the three-year mandatory minimum provision under section 775.087(2)[2]; possession under that subsection must be direct. Jenkins v. State, 448 So.2d 1060 (Fla. 4th DCA 1984), reversed on other grounds, 466 So.2d 1068 (Fla. 1985); Brown v. State, 358 So.2d 92 (Fla. 4th DCA), cert. denied, 364 So.2d 881 (Fla. 1978).
A plain reading of section 775.087(1) would be to require proof that Willingham actually carried or used a firearm during the course of the offense. Any other interpretation is not expressed clearly in the statute, and even if susceptible to such a construction, i.e., principal theory can be used to establish use of firearm, the construction more favorable to the defendant must be given effect. See § 775.021(1), Fla. Stat. (Supp. 1988); Earnest v. State, 351 So.2d 957 (Fla. 1977).
We find Willingham's next contention that a double jeopardy violation resulted from the convictions for both sale of cocaine and possession with intent to sell cocaine to be without merit. See Leeks v. State, 529 So.2d 787 (Fla. 2d DCA 1988). As was the situation in Leeks, here there were two pieces of rock cocaine offered to the officer; the officer purchased one and the defendant retained the other rock in his possession. Under these facts, Leeks authorizes two separate convictions and sentences and is distinguishable from Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), in which this court rejected dual convictions stemming from the sale and possession of a single rock of cocaine.
Because we conclude that the trial court should have acquitted Willingham on the use of a firearm during the sale offense, the enhanced offense is reduced from a first-degree felony to a second-degree felony. Otherwise, the judgments and sentences are affirmed. We remand this matter to the trial court with directions to proceed in accordance with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] 775.087 Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence. 

(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(b) In the case of a felony of the second degree, to a felony of the first degree.
[2] Section 775.087 also states in part:

(2) Any person who is convicted of:
(a) Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes; or
(b) Any battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties
and who had in his possession a "firearm," as defined in s. 790.001(6), or "destructive device," as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years.
§ 775.087(2), Fla. Stat. (1987).