543 So.2d 465 (1989)
Leonard NEWSOME, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02204.
District Court of Appeal of Florida, Second District.
May 26, 1989.
*466 James Marion Moorman, Public Defender, and T. Orin Lee, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The appellant, Leonard Newsome, citing to Carawan v. State, 515 So.2d 161 (Fla. 1987), and Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), contends that his double jeopardy rights were violated when he was convicted of and sentenced for sale and possession of cocaine. We disagree and affirm both convictions and his sentence on the sale count but remand for correction of his sentence on the possession count.
This is what happened. In the evening of March 10, 1988, two Manatee County detectives, along with an undercover confidential informant, engaged in an operation to purchase narcotics. The three men drove in their van to a parking lot known to be frequented by drug dealers. As the van pulled up and stopped, several people approached. The detective in charge indicated to the informant that the buy should be made from the appellant because the detective recognized him. The appellant produced in his hand several pieces of what clearly appeared to the two detectives to be rocks of crack cocaine. Because of the amount of money involved, the appellant selected only one of the rocks he was holding and sold it to the informant, pocketing the others. After the completion of this business, the van and its three occupants drove off. Several weeks later, the appellant was arrested and charged with one count of sale of cocaine and one count of possession of cocaine based on the above-described incident. There is no indication in the record that the appellant possessed any other rocks of cocaine at the time of his arrest. At the appellant's trial, only the one rock of cocaine sold to the police was placed in evidence. The defense made various motions for judgment of acquittal for failure of the state to present a prima facie case of either sale or possession. The trial court denied the motions. The jury found the appellant guilty of the two counts, sale and possession of cocaine. The court adjudicated him accordingly and sentenced him to five and one-half years incarceration on each count to be served concurrently. The appellant then perfected this appeal.
At first glance, this case might appear to present the double jeopardy problem urged by the appellant. Like Gordon, only one rock of cocaine was physically introduced into evidence.[1] The state vehemently argues that since the police officers testified at trial to the presence of the other rocks of cocaine in the appellant's possession at the time they purchased the one rock, this case is distinguishable from Gordon and more in line with Leeks v. State, 529 So.2d 787 (Fla. 2d DCA 1988). In Leeks, as well as in the later similar case of Willingham v. State, 541 So.2d 1240 *467 (Fla. 2d DCA 1989) each appellant retained in his possession extra rocks of cocaine which were not sold. It is this salient feature of Leeks and Willingham which distinguishes them from Gordon.[2] The case before us presents this same salient feature where the appellant possessed other rocks of cocaine as testified to by the police officers. It is well settled that possession of contraband need not be proven by introduction of the contraband itself but may be proven by other evidence. Dean v. State, 406 So.2d 1162 (Fla. 2d DCA 1981); Sommers v. State, 404 So.2d 366 (Fla. 2d DCA 1981); State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA 1981); compare Bond v. State, 538 So.2d 499 (Fla. 3d DCA 1989) (Schwartz, J., specially concurring) (unlike cocaine in powder form, "no innocent substance ... could be contained in the [identical] untested items possessed by the defendant" where tested items were rocks of crack cocaine). Since there was testimony by which the state presented a prima facie case of the existence of other cocaine in the appellant's possession at the time of the sale of the one rock, testimony which the jury obviously found credible, there is substantial competent evidence to support the jury's finding on the possession count, separately from the conviction for the sale of the one rock. Gordon does not control here, Leeks and Willingham do. Thus, there is no double jeopardy violation and the appellant's convictions are proper.
We do find an error in one of the sentences. A conviction for possession of contraband is a third degree felony, section 893.13, Florida Statutes (1987), which carries a maximum penalty of five years imprisonment. The court sentenced the appellant to a concurrent sentence of five and one-half years imprisonment, clearly beyond the legal limit. Upon remand that sentence should be corrected. The appellant need not be present for this correction.
The convictions on the two counts are affirmed as well as the sentence for sale of cocaine; the sentence for the possession count is vacated, and the cause is remanded for correction of that sentence.
RYDER, A.C.J., and FRANK, J., concur.
NOTES
[1] In Gordon, the charges were sale and possession with intent to sell; here, in contrast but without legal distinction, the charges were sale and plain possession.
[2] See Gordon, 528 So.2d at 911, note 2, where this court anticipated the facts in the instant case.