550 So.2d 1185 (1989)
Larry Charles BELCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1838.
District Court of Appeal of Florida, Fifth District.
November 2, 1989.
James B. Gibson, Public Defender and Barbara C. Davis, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Belcher appeals from his convictions and sentences for principal to armed robbery with a firearm,[1] principal to attempted robbery *1186 with a firearm,[2] and possession of a firearm by a convicted felon.[3] He received a sentence of seven years on each offense, to run concurrently and a three year mandatory minimum sentence on the armed robbery conviction. Belcher argues the three year mandatory sentence should not have been imposed because the evidence at trial established conclusively that he was not in possession of the firearm used in the robbery while it took place. We agree.
The record in this case shows that Michael Bennett and Rena Vanderwhip were victims of robbery and attempted robbery respectively, at restrooms located at a rest area on I-95 in St. Johns County. Turner, one of three men including Belcher who were traveling northbound on I-95 in a red Chevrolet, actually robbed Bennett in the men's restroom, and attempted to rob Vanderwhip in the women's restroom. He used a firearm in both instances. Belcher and the third man stood outside the Chevrolet as "lookouts" and they did not have possession of any firearms.
Belcher and the two other men then drove north on I-95 and stopped at the next rest stop. One tried to hide a firearm under the back seat and Belcher put a rifle in a garbage can. Shortly thereafter they were arrested by police officers.
Section 775.087(2) provides for a three year mandatory minimum sentence if it is shown that the defendant "had in his possession a firearm" during the commission of a robbery.[4] (emphasis supplied) In Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984), this court interpreted section 775.087(2) to mean that the three year mandatory minimum can only be imposed if the defendant has actual rather than vicarious possession of a firearm during the robbery. Id. at 629.
In this case, there is no evidence that Belcher had actual possession of either the rifle or gun during the commission of the robbery or attempted robbery. The only evidence linking Belcher to a firearm was that he put the rifle in a garbage can when he saw a police car approaching at the next rest stop. However, the robbery had been completed by that time. Possession of a firearm by an accomplice during the commission of a robbery is not a sufficient basis to warrant the imposition of the mandatory minimum three year sentence pursuant to section 775.087(2). Hough.
Accordingly, we affirm Belcher's convictions and sentences, except we quash the three year mandatory minimum sentence imposed for the armed robbery conviction.
AFFIRM; QUASH part of sentence.
DANIEL, C.J., and HARRIS, Associate Judge, concur.
NOTES
[1] §§ 777.011, 812.13, Fla. Stat. (1987).
[2] §§ 777.011, 777.04 & 812.13, Fla. Stat. (1987).
[3] § 790.23, Fla. Stat. (1987).
[4] Section 775.087(2), Florida Statutes, provides:

(2) Any person who is convicted of:
(a) Any ... robbery ... or any attempt to commit the aforementioned crimes; or
(b) Any battery ... and who had in his possession a `firearm,' as defined in s. 790.001(6), or `destructive device,' as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years. Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.275, prior to serving such minimum sentence.