PER CURIAM.
We reverse, in part, the appellant’s convictions and sentences for possession and sale of the same drugs upon the authority of Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved sub nom, State v. Smith, 547 So.2d 613 (Fla.1989).
In this case we focus on the quantum of drugs for which the appellant was convicted of both sale and possession in violation of section 893.13, Florida Statutes (1985), arising out of a single criminal act. The state contends we should affirm because there were two quanta of cocaine; thus the appellant was properly convicted and sentenced for separate crimes. The evidence, however, is otherwise.
At trial, the undercover police officer who had posed as the buyer testified that the appellant sold him a single rock of cocaine for twenty dollars; thereupon the appellant turned over the container which had housed that rock to deposit the remaining cocaine crumbs from the container into the buyer’s hand. Contrary to the state’s contentions, under these circumstances we find that the quantum of drugs here, comprised of one rock and several crumbs, is indistinguishable from a single quantum of cocaine comprised of several rocks. Blanca v. State, 532 So.2d 1327 (Fla. 3d DCA 1988) (quantum sold contained two rocks; no other cocaine possessed); compare Newsome v. State, 543 So.2d 465 (Fla. 2d DCA 1989) (one rock out of ten displayed was sold to undercover policeman); Leeks v. State, 529 So.2d 787 (Fla. 2d DCA 1988) (one rock sold but three kept back); and Julian v. State, 545 So.2d 347 (Fla. 1st DCA 1989) (serial acts in possessing large trafficking quantity in motel room and subsequently taking some of that quantity and selling it to undercover officer). Clearly, *674 the appellant divested himself of his entire inventory of contraband at the moment of sale. See Gordon, 528 So.2d at 911, n. 2.
We also find no merit in the state’s argument that more than one transaction or more than one act took place here.
We affirm the appellant’s conviction for sale. We reverse his conviction for possession and remand with instructions to resen-tence the appellant.
CAMPBELL, C.J., and DANAHY and ALTENBERND, JJ., concur.