PER CURIAM.
Appellant Michael Wright was convicted of twice selling cocaine to an undercover police officer. With respect to each transaction the state had charged Wright with both delivery[1] and possession[2] of a controlled substance. On appeal Wright maintains that this constitutes a double jeopardy violation. See Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988). We agree *907 and reverse with directions to vacate the judgments and sentences for possession.
The state does not dispute that Wright “was only prosecuted for that cocaine which was actually exchanged.” Nevertheless, they suggest that multiple punishments are appropriate because the cocaine involved consisted of several separate “rocks” packaged together. Cited in support of this thesis is Newsome v. State, 543 So.2d 465 (Fla. 2d DCA 1989). However, although Newsome also involved several discrete pieces of rock cocaine, it did not address the precise Question posed by the present case.
Newsome sold to a police informant only one of several “rocks” in his possession, keeping the rest. This continuing control over the remaining cocaine, and not the fact that the drug happened to be in its “rock” form, justified a separate charge of possession. The legislature, in establishing schedules of controlled substances and in creating the far more serious offense of trafficking, thus far has classified unlawful drugs primarily on the basis of chemical composition or the total weight of the “package.”
Reversed.
SCHEB, A.C.J., and LEHAN and HALL, JJ., concur.

. § 893.13(l)(a)(l), Fla.Stat. (1987).

. § 893.13(1)(f), Fla.Stat. (1987).