583 So.2d 1106 (1991)
Zachery HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00881.
District Court of Appeal of Florida, Second District.
August 2, 1991.
Sylvia H. Walbolt, Gwynne A. Young and Roderick K. Pearcey of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
In this appeal, appellant challenges only his sentences. He challenges the departure sentence imposed because no written reasons were given for the departure. The sentences for eight offenses also included several three-year mandatory minimum terms under section 775.087(2), Florida Statutes (1987), for committing the offenses while in possession of a firearm. We affirm appellant's convictions but reverse the sentences imposed and remand for resentencing.
We agree with appellant that there was no evidence of his actual possession of a firearm, but only evidence of vicarious possession through his codefendant's possession of a firearm during the commission of the offenses. Although vicarious possession is sufficient to sustain appellant's convictions for these offenses under the principal theory, it is not sufficient possession to impose a mandatory minimum period of confinement under the statute. Willingham v. State, 541 So.2d 1240, 1242 (Fla. 2d DCA), rev. denied, 548 So.2d 663 (Fla. 1989); Taylor v. State, 467 So.2d 367 *1107 (Fla. 2d DCA 1985). Appellant's failure to object during the sentencing hearing does not waive his right to raise this error on appeal because such a sentencing error constitutes fundamental error. Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984), rev. denied, 462 So.2d 1108 (Fla. 1985).
We further agree with appellant that the entire sentence must be reversed because it is a departure from the guidelines without written reasons. On remand, the court must resentence appellant within the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990).
We affirm appellant's convictions but reverse the sentences imposed and remand for resentencing in accordance herewith.
SCHOONOVER, C.J., and CAMPBELL and PATTERSON, JJ., concur.