602 So.2d 663 (1992)
Charles B. STRIPLING, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1512.
District Court of Appeal of Florida, Third District.
July 14, 1992.
*664 J.C. Elso, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before BASKIN, FERGUSON, and JORGENSON, JJ.
PER CURIAM.
Stripling appeals from judgments of conviction and sentences for aggravated battery, armed robbery, aggravated assault, assault, and display of a firearm during the commission of a felony. For the following reasons we affirm in part, reverse in part, and remand to the trial court for resentencing.
Stripling and three codefendants were charged with various offenses stemming from the armed robbery of a grocery store, store employees, and the shooting of its owner. The getaway was witnessed by detectives who were eating breakfast near the crime scene. The detectives chased the getaway car, eventually captured the car's occupants, and recovered stolen food stamps, cash and jewelry taken from the victims in the store.
Following a trial, Stripling was convicted as a habitual felony offender on the armed robbery counts and sentenced to life terms. The court also imposed a three-year minimum mandatory sentence on the armed robbery counts. In addition, Stripling was sentenced to thirty years for aggravated battery and display of a firearm during the commission of a felony and ten years for aggravated assault.
We affirm the convictions for armed robbery, aggravated battery, aggravated assault, and assault. However, the conviction and sentence for unlawful display of a firearm during the commission of a felony cannot stand.
[W]hen a robbery conviction is enhanced because of the use of a firearm in committing the robbery, the single act involving the use of the same firearm in the commission of the same robbery cannot form the basis of a separate conviction and sentence ... (emphasis added).
Cleveland v. State, 587 So.2d 1145, 1146 (Fla. 1991). We therefore reverse the conviction and vacate the sentence for unlawful display of a firearm.
In this case it appears that the trial court may have been operating under the misapprehension that it was required to sentence Stripling to life terms as a habitual felony offender for the armed robbery counts. Life sentences are permissive, not mandatory, under sections 775.084(4)(a)(1) *665 and 775.084(4)(b)(1), Florida Statutes (1989). Burdick v. State, 594 So.2d 267 (Fla. 1992). Therefore, we remand for a new sentencing hearing to give the trial court an opportunity to sentence the defendant without uncertainty about the discretion it may exercise.
In addition, there is no evidence to support the imposed three-year minimum mandatory term on the armed robbery counts. Nowhere in the record do we find evidence that Stripling personally possessed a firearm during the robbery. The three-year mandatory term is hereby quashed. See State v. Rodriguez, 602 So.2d 1270 (Fla. 1992) (statute does not permit enhancement without evidence of personal possession of weapon). See also Belcher v. State, 550 So.2d 1185 (Fla. 5th DCA 1989) (defendant cannot be subjected to three-year minimum mandatory sentence for possession of firearm where there is no evidence that defendant had actual possession of firearm during commission of crime).
Affirmed in part, reversed in part, armed robbery sentence quashed, and remanded for resentencing consistent with this opinion.