PER CURIAM.
Upon our consideration of the record and the state’s confession of error, we reverse in part the convictions ordered below and vacate in part the sentences imposed.
First, when a robbery conviction is enhanced because of the use of a firearm in the robbery, the single act with the same firearm cannot form the basis for a separate conviction and sentence. Stripling v. State, 602 So.2d 663 (Fla. 3d DCA 1992) (citing Cleveland v. State, 587 So.2d 1145, 1146 (Fla.1991)). Accordingly, Mack’s conviction for unlawful display of a firearm must be reversed and that sentence vacated. Second, in sentencing Mack to life imprisonment after finding him an habitual offender, the trial judge acted under the erroneous belief that there was no discretion in applying the habitual offender statute’s permissive penalties. Because this is not the case, see Stripling, 602 So.2d at 664-65; see also Burdick v. State, 594 So.2d 267 (Fla.1992); §§ 775.084(4)(a)(1) & (4)(b)(1), Fla.Stat. (1991), the life sentence ordered must be vacated and the case re-. manded to the trial court to reevaluate and enter an appropriate sentence. We have examined appellant’s remaining points and are of the view that they are nonmeritorious.
Affirmed in part, reversed in part, and remanded.