PER CURIAM.
Appellant appeals a judgment and sentence. We reverse and remand with direction.
Appellant first contends, and the state agrees, that appellant’s sentence of seven years for the count of possession of cannabis with intent to sell exceeds the statutory maximum of five years. Possession of cannabis with intent to sell is a third degree felony for which the maximum sentence is five years. Sections 775.082(3)(d), 893.-03(l)(c)(4), Fla.Stat. (1989). Accordingly, the sentence is illegal to the extent it exceeds the statutory maximum. Newsome v. State, 543 So.2d 465 (Fla. 2d DCA 1989) (sentence of five and one-half years for conviction of possession of contraband was beyond maximum penalty of five years, and had to be corrected upon remand).
Appellant next contends, and again the state agrees, that the written judgment erroneously states that possession of cocaine with intent to sell is a first degree felony when such possession constitutes a second degree felony. Sections 775.-082(3)(c), 893.03(2)(a)(4), Fla.Stat. (1989). The written plea and guidelines scoresheet indicate that it is a second degree felony. Hence, on remand the judgment form is to be corrected to conform to the oral pronouncement and accurate degree of offense.
As the form is to be corrected for the above reason, the word “sell” is to be substituted for the word “deliver.” Had the judgment form not required correction for the above ground, changing the word from “deliver” to “sell” would have been a waste of judicial resources when the change does not result in a difference in degree of offense or punishment.
GLICKSTEIN, C.J., and LETTS and HERSEY, JJ., concur.