PER CURIAM.
Kenneth Wayne McCollough has appealed from the imposition, pursuant to section 775.087(2)(a), Florida Statutes, of a 3-year mandatory minimum term for possession of a firearm during a burglary. We reverse and remand for resentencing.
Section 810.02(2)(b), Florida Statutes, makes burglary a felony of the first degree if, in the course of committing the offense, the offender “is armed, or arms himself within [the] ... structure, with explosives or a dangerous weapon” (emphasis supplied). The statute defines neither of the highlighted terms. McCollough was charged by information with “burglary ... in the course of [which he] was armed or armed himself within the structure, with explosives or a dangerous weapon, to wit: a rifle,” contrary to section 810.02(2)(b), Florida Statutes. The information went on to charge McCollough with grand theft of 24 rifles and shotguns.
At trial, the jury was instructed that “[i]f you find that in the course of committing the burglary the defendant was armed or armed himself within the structure with a dangerous weapon, you should find him guilty of burglary while armed.” “Dangerous weapon” was further defined as “any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.” The jury returned a verdict form with a check indicating: “The defendant ... is guilty of burglary while armed;” he was also convicted of grand theft of a firearm. The court sentenced McCollough for armed burglary to 12 years, with a 3-year minimum mandatory term for possession of a firearm, pursuant to section 775.087(2)(a), Florida Statutes.
McCollough argues only that he could not properly be sentenced to a 3-year minimum mandatory term for armed burglary under section 775.087(2)(a), in that the jury did not make a specific finding that he committed the burglary while possessing a firearm. See State v. Overfelt, 457 So.2d 1385 (Fla.1984). McCollough notes that “armed burglary” does not necessarily involve a firearm, and that there was no specific question on the verdict form regarding use of a firearm.
The state responds that the information specifically charged burglary while armed with a rifle. In State v. Jones, 536 So.2d 1161 (Fla. 5th DCA 1988), the court held that, when the information specifically charges the defendant with use of a firearm in the commission of the felony, a finding of “guilty as charged” was a sufficient basis for an enhanced sentence. Jones at 1162, citing Luttrell v. State, 513 So.2d 1298 (Fla. 2d DCA 1987) and Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986). *699 Thus, the jury’s finding of guilty of “burglary while armed” is sufficient to permit imposition of the 3-year minimum mandatory term.
Before a trial court may apply the mandatory minimum sentence for possession of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm. It may do this either by 1) finding him guilty of a crime which involves a firearm, or 2) answering a specific question on a special verdict form so indicating. State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984).
The verdict form herein contained no specific question as to a firearm. Therefore, the issue becomes whether the jury found McCollough guilty of “a crime which involves a firearm.” As noted above, “armed burglary” is burglary committed while in possession of “explosives or a dangerous weapon.” Neither term is defined in the statute, nor was “dangerous weapon” defined to the jury by the court as encompassing a firearm. Thus, a finding of guilt of armed burglary cannot be said automatically to encompass a finding that the accused possessed a firearm.
We have not overlooked that the information specifically charged McCollough with burglary “while armed with a rifle.” In State v. Jones, 536 So.2d 1161 (Fla. 5th DCA 1988), the court found that, in such a case, a jury finding of guilty “as charged” is a sufficient finding to require imposition of a statutory minimum mandatory sentence. Jones at 1162.
However, the Jones verdict form specifically stated that the defendant was guilty “of burglary of a dwelling while armed as charged in the information.” Jones at 1161 (emphasis supplied). See also Small v. State, 556 So.2d 780 (Fla. 1st DCA 1990) (verdict’s use of the phrase “as charged” is sufficient to constitute firearm finding where the charging document references use of a firearm). The verdict form herein simply read “guilty of armed burglary,” without reference to the information. This circumstance is sufficient to remove the case from the operation of Jones and Small. See Chapman v. State, 597 So.2d 431 (Fla. 2d DCA 1992) (finding of guilt of offense without reference to the information charging commission of the offense “with a firearm” is insufficient to constitute a jury finding on use of a firearm).
Based on the absence of a specific jury finding on the issue of firearm possession, we find that, as to the armed burglary conviction, McCollough was improperly sentenced under section 775.087(2)(a) to a 3-year mandatory minimum term. Over-felt. We therefore reverse and remand, with directions to strike the 3-year minimum mandatory term from the armed burglary sentence.
JOANOS, C.J., SMITH and ALLEN, JJ., concur.