621 So.2d 505 (1993)
Morris Sellers FREENY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1234.
District Court of Appeal of Florida, Fifth District.
July 2, 1993.
James B. Gibson, Public Defender, and James T. Cook, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Freeny appeals his conviction and sentence for robbery with a firearm.[1] Appellant argues the trial court erred in instructing the jury that, under the theory of principals to a crime,[2] Freeny could be found guilty of armed robbery if he or his codefendant (accomplice) carried a firearm while jointly committing the crime. He also argues it was error in this case to sentence him to a minimum mandatory sentence of three years, even though there was a specific finding in this case by the jury, that he had actual possession of the firearm. We affirm as to the first point, but agree with appellant as to the second.
In this case, Freeny was charged with personally carrying a firearm while committing a robbery. The victim (Ms. Krall) *506 testified at trial that Freeny and Mitchell robbed her and the taller man (Freeny) pulled a gun on her. However, she admitted she told the police, shortly after the crime took place, that the shorter man (Mitchell) had the gun. Other evidence presented at the trial was also contradictory as to which robber had the gun.
During its deliberations, the jury posed the following questions to the court:
1) Does the 3.01 (principals) apply to both count 1 and count 2?
2) Does "[t]he defendant must be treated as if he had done all of the things the other person or persons did" mean that regardless of which party had possession of the firearm during the robbery that they both be considered to be carrying a firearm?
The court answered "yes" to both questions. The jury returned a verdict finding Freeny guilty of robbery. The jury further found that in the course of committing the robbery, Freeny carried a firearm.
Although possession of a firearm by a codefendant is sufficient to convict a defendant of armed robbery, pursuant to the principal theory,[3] it is not a sufficient basis to warrant the imposition of the mandatory minimum sentence. In order for a defendant's sentence to be enhanced pursuant to section 775.087, the state must prove that the defendant had actual physical possession of the weapon. Williams v. State, 622 So.2d 456 (Fla. 1993); State v. Rodriguez, 602 So.2d 1270 (Fla. 1992); Hicks v. State, 583 So.2d 1106 (Fla. 2d DCA 1991); Belcher v. State, 550 So.2d 1185 (Fla. 5th DCA 1989); Willingham v. State, 541 So.2d 1240 (Fla. 2d DCA), rev. denied, 548 So.2d 663 (Fla. 1989); State v. Jones, 536 So.2d 1161 (Fla. 5th DCA 1988); Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984).
In some cases where the information charges a defendant with committing a crime while armed with a firearm, and the jury finds the defendant guilty as charged, there may be a sufficient basis for the mandatory sentence. Jones. However, in this case, the information and findings by the jury are not sufficient because of the instruction given by the court, and the contradictory proof at trial.
In Hough, this court held that unless the crime charged requires a finding by the jury that the defendant had actual possession of a firearm, or unless the allegations support such a finding and the evidence at trial leads to the inescapable conclusion that the defendant actually possessed a firearm during commission of the crime, then the jury must make a special explicit finding in the verdict form that the defendant actually possessed the weapon.
Here, the information charged a crime that did not require Freeny to actually possess the firearm in order to be found guilty of armed robbery, because of the principal theory. And, the evidence at trial was not conclusive as to which of the two robbers had possession of the gun. Although the jury found that Freeny "carried" a firearm, this conclusion is likely a reflection of the principal theory because of the judge's response to their question, which failed to clarify this essential point in the face of the jury's obvious confusion. Thus the state failed to prove that Freeny had actual physical possession of the firearm.
Under these circumstances, the trial court erred in imposing the mandatory minimum sentence. Accordingly, we affirm Freeny's conviction and sentence for robbery with a firearm, except for the portion of the sentence imposing the three year minimum mandatory sentence pursuant to section 775.087, which we vacate.
AFFIRM in part; VACATE MANDATORY MINIMUM SENTENCE.
GOSHORN, C.J., and DIAMANTIS, J., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat. (1991).
[2] The jury was instructed on the principal theory:

If two or more persons help each other commit or attempt to commit a crime and the Defendant is one of them, the Defendant must be treated as if he had done all of the things the other person or persons did if the Defendant knew what was going to happen, intended to participate actively or by sharing in an expected benefit, and actually did something by which he intended to help commit or attempt to commit the crime.
Help means to aid, plan or assist. To be a principal, the Defendant does not have to be present when the crime is committed or attempted.
Fla.Std. Jury Instr. (Crim.) 32a.
[3] See Hicks v. State, 583 So.2d 1106 (Fla. 2d DCA 1991); Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984).