649 So.2d 938 (1995)
Tyrone T. DEMPS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-573.
District Court of Appeal of Florida, Fifth District.
February 10, 1995.
*939 James B. Gibson, Public Defender, and James T. Cook, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann M. Childs, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Demps appeals from his conviction and sentence for robbery with a firearm. He contends the trial court erred in imposing a three year minimum mandatory sentence pursuant to section 775.087(2), Florida Statutes (1993), because based on this record, it was not established that he had actual physical possession of the gun during the robbery. We affirm his conviction but quash his minimum mandatory sentence.
In this case Demps was charged with robbery with a firearm.[1] He pled no contest to the charge but did not admit his guilt. At the sentencing hearing Demps admitted he and a friend planned to call a cab and rob the cab driver. He said he gave the gun to his friend and did not handle it during the course of the robbery. "I met up with Baptiste ... and I gave (the gun) to him and after we went downtown, he had the gun and he say (sic) let's call a cab. He wanted to rob him." Demps sat in the back seat of the cab and Baptiste held the gun to the head of the cab driver, from the front seat.
While this evidence is sufficient to convict Demps of armed robbery on the theory he was a principal to the crime,[2] it is not adequate to warrant the imposition of the minimum mandatory sentence. More than vicarious or constructive possession of the firearm is required by section 775.087(2). The state must prove the defendant had actual physical possession of the firearm during the course of the commission of the felony. Williams v. State, 622 So.2d 456 (Fla.), cert. denied, ___ U.S. ___, 114 S.Ct. 570, 126 L.Ed.2d 470 (1993); Hernandez v. State, 621 So.2d 1353 (Fla. 1993); Earnest v. State, 351 So.2d 957 (Fla. 1977); Poiteer, Freeny; Belcher v. State, 550 So.2d 1185 (Fla. 5th DCA 1989).[3]
Accordingly we affirm the conviction and sentence in all respects except the three-year minimum mandatory sentence imposed pursuant to section 775.087(2), which we vacate.
AFFIRMED in part; Minimum Mandatory Sentence VACATED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat. (1993).
[2] See Poiteer v. State, 627 So.2d 526 (Fla. 2d DCA 1993); Freeny v. State, 621 So.2d 505 (Fla. 5th DCA 1993).
[3] See also State v. Rodriguez, 602 So.2d 1270 (Fla. 1992) (defendant's sentence could not be enhanced under section 775.087(1) where a passenger in the car picked up a gun and shot at police and the defendant did not have actual possession of the weapon); Willingham v. State, 541 So.2d 1240 (Fla. 2d DCA), rev. denied, 548 So.2d 663 (Fla. 1989) (where sale of cocaine was completed before the defendant seized a gun and began shooting, he did not carry or use the weapon during commission of the offense and enhancement under section 775.087(1) was not proper.)