403 So.2d 1102 (1981)
STATE of Florida, Appellant,
v.
Johnny RAULERSON, Eston Buchanon, and Calvin Carson Stracke, Appellees.
Nos. 81-47 to 81-49.
District Court of Appeal of Florida, Fifth District.
September 16, 1981.
Jim Smith, Atty. Gen., Tallahassee, Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellant.
No appearance for appellees.
SHARP, Judge.
The State appeals from the trial court's granting three defendants' (Buchanon, Raulerson and Stracke) motions to dismiss[1] the criminal charges against them because it ruled the material undisputed facts failed to establish a prima facie case of guilt against them. Fla.R.Crim.P. 3.190(c)(4). The criminal charges[2] related to conspiracy and solicitation to smuggle marijuana and trafficking in cannabis. The State contended it should be allowed to prove the identity of the smuggled material by circumstantial evidence, and by the testimony of a State's witness who could identify the material by its distinctive odor, although he had never before been in the presence of marijuana.
The stipulated facts showed that the defendants were involved in some kind of smuggling operation. At approximately 11:30 p.m., a United States customs pilot began following a particular Piper Aztec from the Bimini area to Palm Beach, and lost radar contact with it near Fellsmere, Florida. The pilot saw in an open field on *1103 the ground two trucks, one of which was blinking its lights. He radioed this information to the Indian River County Sheriff's Department. Two sheriff's deputies saw two trucks departing from the field as reported and followed one of them, which proved to be the empty decoy. Later the Piper was found abandoned in the field. It had no seats, and was fitted with an illegal additional nose tank.
Hearndon, the State's witness, was approached by Stracke to assist in some kind of clandestine aircraft landing operation. He was paid $500 in advance. His job was to look out for automobiles while the plane was being unloaded. On the night in question, he went to the field and there observed the presence of Buchanon, Raulerson, Stracke, and two other men. He helped unload from the plane approximately eighteen (18) white laundry bags containing material with a strong unusual odor. As they were unloading the plane one of the men remarked, "What are we going to do with 1000 pounds of marijuana?" Hearndon helped Stracke hide the bags in a turkey feeder on a farm near Fellsmere. The next day they were moved to a horse trailer and the trailer was taken away. A few days later Hearndon received $4,100 in cash from Stracke.
No chemical residue of marijuana was found in the plane or on the trucks, and obviously the eighteen (18) white laundry bags were not available to the State to prove its case. The State argued it could make a prima facie case against the defendants by showing all the circumstances of the aircraft landing and unloading, including the remark about marijuana. Also the State proposed it could show the contents of the laundry bags had the distinctive odor of marijuana. Although Hearndon never before had any contact with marijuana, he could identify its odor again, by selecting it from an assembled group of other materials with which he likewise was unfamiliar.
A "(c)(4)" motion challenges whether or not the proofs relied upon by the State establish a prima facie case of guilt against the defendant. All inferences that arise from the undisputed facts must be taken in the light most favorable to the State's case. State v. Upton, 392 So.2d 1013 (Fla.5th DCA 1981). The issue here is whether or not the undisputed facts prima facie identified the contents of the white laundry bags as marijuana.
We agree with our sister court that it is not necessary for the State to prove the identity of contraband as marijuana by chemical or scientific proof. In Turner v. State, 388 So.2d 254, 257 (Fla.1st DCA 1980), the court stated:
Instead, we approve the opinion in Moore v. United States, 374 A.2d 299, 302 (D.C. App. 1977), stating that, in addition to the scientific tests, other facts tending to show the identity of the substance, such as its appearance and smell and circumstances under which it was seized, are probative and can meet the State's burden of proof.
In Turner, the witnesses who identified the substance as marijuana had experience with it, and were familiar with its odor and appearance.
In this case, Hearndon had no previous experience or contact with marijuana. However, it is well known that marijuana, even when it is not being burned, has a distinctive odor.[3] Further, some individuals have a keen sense of smell, and they can identify places or objects by recalled odors. For purpose of this "(c)(4)" motion, we must assume Hearndon has this kind of ability, and that he will select the scent of marijuana as that which emanated from the laundry bags he handled.
Although Hearndon's identification of the scent of marijuana alone might be insufficient to establish a prima facie case against the defendants, the other circumstances strongly suggest marijuana was aboard the aircraft. All of the characteristic hallmarks of a smuggling operation were present. No material other than marijuana is covertly transported into Florida *1104 in such a fashion. The courts do not have to shut their eyes and ears to the realities of the manner in which Florida is being inundated by this illegal commerce in marijuana.[4] Further, a clear inference from the remark of one of the persons unloading the plane identified the cargo as marijuana. That alone should have sufficed to withstand a "(c)(4)" motion. State v. Upton, 392 So.2d 1013 (Fla.5th DCA 1981).
REVERSED AND REMANDED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] The notice of appeal also included an order suppressing evidence, however, the State apparently abandoned that issue and we do not address it in this opinion.
[2] The three cases were consolidated on appeal because they involved the same record and issues.
[3] E. Bloomquist, Marijuana: The Second Trip 8 (rev.ed. 1971).
[4] See Washington Post, March 13, 1981, § A, at 2, Col. 1.