406 So.2d 1162 (1981)
Gary Lynn DEAN and Tommy Dean, Appellants,
v.
STATE of Florida, Appellee.
No. 81-186.
District Court of Appeal of Florida, Second District.
November 4, 1981.
Rehearing Denied December 8, 1981.
*1163 Ernest M. Jones, Jr., of Jacobs, Valentine, Groseclose & Miller, P.A., Lakeland, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This is an appeal from convictions for possession of marijuana. Gary Dean challenges the trial court's failure to suppress the marijuana while Tommy Dean questions the sufficiency of the evidence.
Officer Reaume of the Lakeland Police Department was monitoring events in the parking lot at the Lakeland Civic Center during a rock concert. Through his binoculars, he saw three men leave the building about half way through the concert and get into an automobile. He observed the two in the front seat begin fumbling on the floorboard for a minute or so and then saw what appeared to be a cigarette lit and passed among the occupants. He suspected that the cigarette was marijuana, and so he called a backup unit. He then saw the driver go to the trunk of the car, open it and place a brown shopping bag inside it. Thinking that the bag contained marijuana and fearing that the suspects were about to depart, he approached the vehicle and ordered the occupants to keep their hands in plain view. He caught the three men by surprise, but he did not observe any marijuana inside the vehicle. However, he did detect the odor of burning marijuana coming from the front passenger's window.
Believing that the smell of the marijuana smoke gave him probable cause to search the vehicle, Officer Reaume obtained the car keys from the driver and unlocked the trunk where he saw a closed brown paper bag. He opened the bag and saw what he suspected were nine baggies of marijuana and two unsmoked marijuana cigarettes. He and another officer who had recently arrived at the scene then arrested the three men. The driver of the automobile was identified as Gary Dean and the person in the back seat was identified as Tommy Dean.
Subsequently, the state filed informations against both Gary and Tommy Dean charging them with possession of more than twenty grams of marijuana. They both filed motions to suppress the marijuana. The court initially ruled that only Gary Dean had standing to challenge the legality of the search of the automobile, and it eventually denied the motion to suppress as to both of the Deans. After trial, a jury found Gary Dean guilty of possession of more than twenty grams of marijuana. The court withheld adjudication and placed him on three years probation with the condition that he spend one year in county jail. The jury found Tommy Dean guilty of the lesser included offense of possession of not more than twenty grams of marijuana, and the court sentenced him to one year in county jail.
We will consider first the questions concerning the legality of the search and seizure of the paper bag containing marijuana. As a preliminary matter, the state challenges the standing of both of the Deans to contest the validity of the search and seizure. At oral argument, Tommy Dean conceded that he did not have standing, and thus we need not further consider the correctness of the court's order denying *1164 his motion to suppress. We think, however, that Gary Dean did have standing. The test for standing is whether the defendant had a legitimate expectation of privacy in the area searched. United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); State v. Hutchinson, 404 So.2d 361 (Fla.2d DCA 1981). Here, Gary Dean clearly had a legitimate expectation of privacy in the trunk of the automobile. Although the car belonged to his father, he had the use of it with his father's permission. In fact, he drove his father's car most of the time because his own vehicle was disabled. Moreover, he was the only one present who had a set of keys to the car, and there was no evidence that he had allowed anyone else to use the trunk.
Gary Dean does not argue that the police had no probable cause to search the automobile. He simply contends that they could not open the closed paper bag in the trunk without first obtaining a search warrant. It is true that the "automobile exception" to the warrant requirement of fourth amendment jurisprudence allows police officers to search a vehicle without a warrant when they have probable cause. However, that search may not extend to any closed opaque containers not otherwise identifiable as contraband which are found within the trunk of the vehicle until such time as the officers have obtained a search warrant. Robbins v. California, ___ U.S. ___, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981). Thus, Officer Reaume did not have the right to search the closed paper bag into which he could not see without first obtaining a warrant.
We will next consider Tommy Dean's arguments concerning the sufficiency of the evidence. He contends that the state did not produce sufficient evidence upon which to convict him of possessing the marijuana in the paper bag. We agree. Possession of a controlled substance where the defendant is not in actual physical possession of the substance may be proved by showing constructive possession. However, constructive possession exists only when the defendant knows of the presence of the controlled substance and has the ability to maintain control over it or reduce it to his possession. Spataro v. State, 179 So.2d 873 (Fla.2d DCA 1965). Where there is joint possession of the premises on which the controlled substance is found, the accused's knowledge of the presence of the substance on the premises and his ability to maintain control over it must be established by proof and may not be inferred. Hall v. State, 382 So.2d 742 (Fla.2d DCA 1980); Taylor v. State, 319 So.2d 114 (Fla.2d DCA 1975). Under these standards, the state did not prove that Tommy Dean had possession of the marijuana in the paper bag. None of the evidence presented by the state showed that he had the ability to control the bag or even know what it contained. In addition, there was no evidence that he had access to the trunk of the car once his brother placed the bag there.
Although Tommy Dean could not be convicted of possessing the marijuana found in the trunk, we affirm his conviction for misdemeanor possession of marijuana. Officer Reaume had substantial experience in narcotics investigation and was trained to recognize marijuana. His testimony that he saw all three occupants of the car smoking a cigarette in a manner commonly used in smoking marijuana coupled with his statement that he smelled a strong odor of marijuana smoke coming from the car immediately thereafter provided sufficient evidence for the jury to find, as it did find, that Tommy Dean had possessed not more than twenty grams of marijuana. The introduction of the contraband or the production of a chemical analysis is not always essential to a conviction for possession of a controlled substance. State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA, 1981). See Sommers v. State, 404 So.2d 366 (Fla.2d DCA 1981).
What then should be the disposition of the case against Gary Dean? The only rational explanation for the verdict against Tommy Dean is that the jury concluded that he did not have constructive possession of the bag of marijuana but that he was guilty of misdemeanor possession because *1165 he smoked a marijuana cigarette. Yet, if Tommy was guilty of misdemeanor possession of marijuana for smoking the cigarette, Gary was equally guilty because he smoked the same cigarette. When the evidence does not prove the offense of which the defendant was convicted but does establish his guilt of a lesser included offense, an appellate court should enter judgment for the lesser offense. § 924.34, Fla. Stat. (1979). Gary's felony conviction cannot stand since the search of the paper bag should have been suppressed, but the evidence supports a conviction for possession of a misdemeanor quantity of marijuana. Blair v. State, 384 So.2d 685 (Fla. 4th DCA 1980).
We affirm the conviction of Tommy Dean. We reverse the conviction of Gary Dean but remand the case to the trial court with directions that it reduce the judgment against him to possession of not more than twenty grams of marijuana and enter an appropriate sentence upon that judgment.
SCHEB, C.J., and SCHOONOVER, J., concur.