NESBITT, Judge.
The juvenile challenges his adjudication of delinquency based upon possession of marijuana. We affirm.
The sole point on appeal is whether the state adequately identified the substance seized as marijuana. The state’s only witness, the arresting officer, testified that in his opinion the substance was marijuana. The state relies on this opinion to satisfy its burden that it prove beyond a reason *166 able doubt that the substance was marijuana.
The officer had been with the police department for nine years and had spent four years in a special narcotics unit. During this time he had taken numerous courses related to narcotics investigation. The officer testified that during his career he had viewed and smelled “tons” of marijuana and that his identifications of substances as marijuana had always been corroborated by lab tests. The trial court, therefore, did not abuse its discretion by finding the officer qualified, through his training and extensive work experience, as an “expert” in marijuana identification. § 90.702, Fla.Stat. (1983). See Jones v. State, 440 So.2d 570, 574 (Fla.1983); Turner v. State, 388 So.2d 254 (Fla. 1st DCA), dismissed, 394 So.2d 1154 (Fla.1980).[1]
The officer’s opinion that the substance seized in the present case was marijuana was based upon his sensory perceptions of sight and smell, as well as the facts that the substance was in a clear plastic baggie and the juvenile possessed “rolling papers.” In essence, the juvenile argues that this is an insufficient basis for the opinion and that something more in the line of scientific or chemical proof is required. We disagree.
Our sister courts have consistently held that it is not necessary for the state to prove the identity of marijuana by chemical or scientific proof. See Dean v. State, 406 So.2d 1162 (Fla. 2d DCA 1981), review denied, 413 So.2d 877 (Fla.1982); State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA 1981); Turner. Although scientific tests are probative in identifying marijuana, they are not the only means by which the state can prove its case. Testimony on other facts, such as a substance’s appearance and smell and the circumstances under which it was seized, can be used to meet the state’s burden of proving beyond a reasonable doubt that a substance is marijuana. Raulerson; Turner. It is generally held that an officer with adequate experience in the narcotics field, and marijuana in particular, can identify a substance as marijuana by its appearance and odor. See Turner (“numerous cases hold that marijuana is not difficult to characterize without chemical analysis and that testimony of officers who have had experience searching for and identifying marijuana is sufficient” to meet the state’s burden of proof) (quoting State v. Ostwald, 180 Mont. 530, 591 P.2d 646, 652 (1979)); Mishmash v. State, 423 So.2d 446 (Fla. 1st DCA 1982) (law enforcement officials trained in the detection of contraband have no difficulty recognizing both the smell and packaging of marijuana), review denied, 434 So.2d 888 (Fla.), review denied, 434 So.2d 889 (Fla.1983), cert. denied, — U.S. -, 104 S.Ct. 980, 79 L.Ed.2d 217 (1984); Dean (testimony of officer, experienced in narcotics investigation and trained to recognize marijuana, that occupants of a car passed around a cigarette in a manner commonly used in smoking marijuana coupled with his testimony that he smelled a strong odor of marijuana coming from the car was sufficient evidence for the jury to convict the occupants of possession of marijuana). See also United States v. Ferguson, 555 F.2d 1372 (9th Cir.1977) (experienced officer may identify substances with which he is familiar, i.e., marijuana); Cooper v. State, 629 S.W.2d 69 (Tex.App.1982) (experienced officer’s testimony as to identity of substance as marijuana is sufficient to establish identity of contraband), rev’d on other grounds, 648 S.W.2d 315 (Tex.Crim.App.1983); Davenport v. State, 510 P.2d 988 (Okla.Crim.App.1973) (testimony of officer *167 trained in narcotics that substance is marijuana is sufficient to identify it). See generally Annot., 75 A.L.R.3d 717.
In the present case, the testifying officer had adequate experience in identifying marijuana to express an opinion on the nature of the seized substance. His opinion that the substance was marijuana was based upon its appearance, its odor, its packaging in a clear plastic baggie, and the juvenile’s possession of “rolling papers.” We find that there was a sufficient basis to support the officer’s opinion and that the state thereby established the identity element of its prima facie case. The court, therefore, correctly denied the juvenile’s motion for judgment of acquittal.
Of course, the credence and weight to be given the opinion testimony remained with the judge in its role as finder of fact. Jones. The judge here found that the state had proved beyond a reasonable doubt the fact that the substance was marijuana. Where, as here, the record supports the trial court’s findings, questions of fact are not within our province as an appellate court. Turner. Accordingly, the adjudication of delinquency is affirmed.

. The juvenile’s argument that the officer’s opinion testimony was that of a lay person and not an expert is without merit. Although earlier in the hearing the judge had refused to allow the officer to testify as a "scientific'’ expert, she subsequently allowed the officer to testify as an expert with “specialized knowledge.” The state tendered and the judge accepted the officer’s opinion testimony based upon his prior experience and knowledge in the narcotics field. The testimony, therefore, was clearly within the purview of section 90.702, dealing with the admissibility of opinion testimony of experts. See Jones. The decision as to an expert witness’s qualifications is left to the trial court’s discretion, reviewable only for abuse. Turner.