552 So.2d 309 (1989)
Ignacio PAMA, Appellant,
v.
STATE of Florida, Appellee.
Rory ODE, Appellant,
v.
STATE of Florida, Appellee.
Daniel ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 88-00159, 88-00377 and 88-00404.
District Court of Appeal of Florida, Second District.
November 17, 1989.
*310 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant Ignacio Pama.
David M. Shenkman, P.A., Coral Gables, for appellant Rory Ode.
Curt Obront, Miami, for appellant Daniel Roberts.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Appellants, Ignacio Pama, Rory Ode, and Daniel Roberts, whose cases were consolidated by this court, appeal their convictions for trafficking in cannabis in an amount greater than 10,000 pounds.[1] We reverse and remand with directions to impose sentences for a lesser included offense.
Although the appellants raise two issues on appeal, we address only the one having merit which is whether the state proved that the appellants were trafficking in cannabis in an amount of at least 10,000 pounds. We find that the state failed in its proof.
Customs agents stopped and boarded a fishing boat near Everglades City. The appellants were on board the boat which was fully equipped to catch and store crabs. One of the customs officers smelled the odor of marijuana upon boarding. The officers searched the boat and found bales in the bilge area, cabin, and ice hatches. In fact, when the officers opened the cabin door to go down the steps, six bales fell out of the area and hit the officers. After the appellants were taken into custody, a final tally reflected 234 bales wrapped in burlap and bound with duct tape. Some of the bales were so damp from bilge water that they seeped water in a truck used to transfer the bales.
At trial, the testimony revealed that the deputies randomly selected thirteen bales, cut through the wrappings, and took a fistsized sample of the contents from each of those thirteen bales. A deputy who was qualified as an expert in the identification of marijuana testified that the samples were marijuana. The officers weighed only three bales, and those bales weighed *311 41.8 pounds, 45.4 pounds, and 38.4 pounds inclusive of their wrappings. Each of these three bales were wrapped in cardboard, four or five layers of plastic, and burlap. One deputy, who had seen bulk loads of marijuana over 1,000 times, testified that he believed the average bale weighed approximately fifty pounds. He then multiplied 234 bales by fifty pounds to establish his belief that the total weight of all the bales was 11,100 pounds. Another deputy sheriff testified that he had participated in approximately twenty-five boat seizures of marijuana and estimated that the load weighed 11,000 pounds without wrappings and excess water. Law enforcement made no attempt to determine the weight of the wrappings on the bales or the weight of excess water in the bales. There was also testimony in the state's case from an officer who was with a defense expert when he examined seven different bales, and that officer testified that those seven bales also contained marijuana.
At the close of the state's case, the three appellants each moved for judgment of acquittal, one ground of which was that the state had failed to prove that the weight of the marijuana was 10,000 pounds or greater. We agree with appellants that the state failed to establish that the prohibited substance weighed at least 10,000 pounds.[2]
Initially, we must address the adequacy of the state's proof regarding the identification of the substance, because the resolution of that issue affects the proof concerning the weight of the marijuana. It is not necessary for the state to prove the identification of marijuana by chemical or scientific means. Dean v. State, 406 So.2d 1162 (Fla. 2d DCA 1981), review denied, 413 So.2d 877 (Fla. 1982); A.A. v. State, 461 So.2d 165 (Fla. 3d DCA 1984); State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA 1981). In this case, an experienced law enforcement officer examined twenty bales and identified the substance in those bales as marijuana. Accordingly, the state adequately proved that at least twenty bales contained marijuana.
We now must determine whether the state in its case-in-chief sufficiently proved that the remaining 214 bales contained marijuana. The state may prove the identity of a controlled substance by circumstantial evidence such as the substance's appearance, odor, and packaging, by the circumstances under which the substance was seized, A.A.; the manner by which the substance was being transported, a person's on-the-scene remarks identifying the substance, Raulerson; United States v. Harrell, 737 F.2d 971 (11th Cir.1984), cert. denied, 470 U.S. 1027, 105 S.Ct. 1392, 84 L.Ed.2d 781 (1985); and circumstances surrounding the sale or use of the substance. Harrell.
In this case, there was evidence that law enforcement officers smelled the distinctive odor of marijuana; the substance was packaged in a way that marijuana is commonly packaged; the substance was being transported on a boat which was stuffed with 234 bales and contained neither crabs which had been caught nor ice to store the night's catch; and all of the twenty bales which were examined contained marijuana. We find that when all of this circumstantial evidence is considered together, there is a sufficient basis to support the conclusion that the remaining 214 bales contained marijuana.
Having determined that the state sufficiently proved that all 234 bales contained marijuana, we must then determine the weight of the marijuana that the state proved. The three bales that the officers randomly selected to weigh had an average weight of 41.87 pounds, which included wrappings. Based on the evidence presented by the state, it is reasonable to assume that the average bale weighed 41.87 pounds; therefore, the state proved beyond a reasonable doubt that the defendants possessed 9,797.58 pounds of marijuana including the wrappings.
*312 The state contends that it proved that appellants possessed at least 10,000 pounds of marijuana. We do not agree. The two officers' estimates of the weight of the marijuana did not exclude every reasonable hypothesis that there was less than 10,000 pounds of marijuana that was confiscated. See Sims v. State, 402 So.2d 459 (Fla. 4th DCA 1981). As discussed previously, it is reasonable to assume that the average bale weighed 41.87, making the total weight of the 234 bales inclusive of their wrappings to be 9,797.58 pounds.
Appellant Pama urges this court to follow the dicta in the case of Ross v. State, 528 So.2d 1237 (Fla. 3d DCA), review denied, 537 So.2d 569 (Fla. 1988) that when marijuana is separately packaged, examination of only some packages is insufficient to prove that all packages contain marijuana. We decline to interpret this dicta to mean that in all cases all packages must be examined. Instead, the lack of visual examination should be just one factor considered when determining the sufficiency of the evidence regarding the identification of marijuana. There may be cases, as here, where the circumstantial evidence is sufficient so that it would be unnecessary to require law enforcement to examine all packages.
We reverse the appellants' judgments and sentences for trafficking in an amount greater than 10,000 pounds.[3] These cases are remanded with directions to the trial court to enter judgments of conviction on the lesser included offense of trafficking in cannabis in excess of 2,000 pounds but less than 10,000 pounds, pursuant to section 893.135(1)(a)2, Florida Statutes (1985) and to resentence appellants accordingly.
Reversed and remanded with instructions.
LEHAN, A.C.J., and PATTERSON, J., concur.
NOTES
[1] The judgments adjudicated appellants guilty of trafficking in cannabis greater than 10,000 pounds pursuant to section 893.135(1)(a)3, Florida Statutes. The offense, in fact, is trafficking in cannabis in an amount of 10,000 pounds or more. § 893.135(1)(a)3, Fla. Stat. (1985).
[2] We note that an expert did testify for the defense that he did examine all the bales and determined four types of wrappings were used, that some bales were either wet with water or oil, and that his tests concluded that the bales contained 9,803.4 pounds of marijuana. Because our opinion concludes that the motions for judgment of acquittal should have been granted at the close of the state's case as to the charge of trafficking in 10,000 pounds or more, this defense testimony need not be considered.
[3] See footnote 1 supra.