679 So.2d 32 (1996)
Marc McCORD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2115.
District Court of Appeal of Florida, Third District.
August 14, 1996.
*33 Bennett H. Brummer, Public Defender, and Julie M. Levitt, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Sandra S. Jaggard, Assistant Attorney General, for appellee.
Before COPE, LEVY, and FLETCHER, JJ.

ON MOTION FOR REHEARING GRANTED
PER CURIAM.
The opinion filed in this case on July 17, 1996, is vacated and this opinion is substitution in its stead.
Marc McCord (hereinafter "defendant") appeals a new sentencing order on the grounds that it impermissibly imposes special probation conditions and that it does not conform to the trial court's oral pronouncement. While we disagree that the trial court lacks the authority to impose special probation conditions as a part of the new sentence once the defendant is formally charged with a probation violation and brought before the court for a hearing, we agree that the written sentence must conform to the court's oral pronouncement at the sentencing hearing. See Clark v. State, 579 So.2d 109 (Fla.1991); Walls v. State, 596 So.2d 811 (Fla. 4th DCA 1992).
However, in order for the written sentence to conform to the oral pronouncement, the latter must be clear and unambiguous, lacking any language which might be considered vague. See Hall v. State, 661 So.2d 63 (Fla. 2d DCA 1995). In the instant case, after a thorough review of the record, we found that the oral pronouncement was vague regarding two conditions. During the February 27, 1996 hearing on the defendant's motion to correct illegal sentence, the court stated that as one of the conditions of probation the defendant could not take any job which would require him to wear a uniform. As an example, the court stated that the defendant could not become a security guard. Accordingly, the case must be remanded to the trial court so that the court can clarify the probation conditions by specifically indicating the types of jobs that require the wearing of a uniform that would violate this prohibition.
The second condition which was vague involved the type of visitation that the defendant was allowed to have with minors. The court must clarify the parameters of visitation that the defendant is allowed to have with his own son, relatives who are of minor age, and other children who are not related to the defendant. Specifically, the court must indicate whether or not the visitation is to be supervised and, if the court finds that supervision is a necessary prerequisite of visitation, the court must indicate which groupson, relatives or unrelated children needs supervised visitation and which group, if any, does not.
As to appellant's other points, we find them to be without merit.
*34 Affirmed in part; reversed in part and remanded.