691 So.2d 20 (1997)
J.S., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2911.
District Court of Appeal of Florida, Third District.
March 26, 1997.
Bennett H. Brummer, Public Defender, and Louis Campbell, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Doquyen T. Nguyen, Assistant Attorney General, for appellee.
Before NESBITT, GREEN and SHEVIN, JJ.
PER CURIAM.
J.S. appeals his adjudication of delinquency for the offense of possession of a misdemeanor amount of cannabis, and the special condition of community control imposed by the court that J.S. stay away from "negative peers." We find unmeritorious defendant's claim of error in his adjudication of delinquency. It is not necessary for the state to prove the identification of marijuana by chemical or scientific means. Pama v. State, 552 So.2d 309 (Fla. 2d DCA 1989); A.A. v. State, 461 So.2d 165 (Fla. 3d DCA 1984). An officer with adequate experience in the narcotics field and marijuana in particular, can identify a substance as marijuana by its appearance and odor. Id. Thus, the fact that the substance was not tested does not preclude the instant adjudication. Also, the trial judge used his discretion in determining the two officers here could testify as experts, and no clear error as to that decision has been shown. See Terry v. State, 668 So.2d 954, 960 (Fla.1996). We agree, however, as the state concedes, the special condition of community control instructing J.S. to stay away from "negative peers", is too vague to be enforceable. Accordingly, the case is remanded for clarification of the term. See McCord v. State, 679 So.2d 32, 33 (Fla. 3d DCA 1996).
*21 Thus, the adjudication of delinquency is affirmed, with the cause remanded for modification or clarification of the term "negative peers."