SORONDO, J.
(dissenting).
At the joint trial of J.R. and J.W.V. (respondent), the state called two of the arresting officers, Officer David Cohen and Detective Eddie Cruz of the Metro Dade Police Department’s gang unit. The officers testified that on March 9, 2000, at approximately 9:00 p.m., they established a *791 surveillance in the area located at 10861 S.W. 5th Street. As the officers stood approximately one half block away, they observed five young men sitting inside a Cadillac. The occupants of the car exited the vehicle and stood in the area surrounding the car as they talked and smoked what the officers believed to be a marijuana cigarette. Officer Cohen described the young men as passing a cigarette around. Each one would grasp the cigarette and hold it between his thumb and index finger with three fingers extended. The trial judge described the officer’s physical display of the technique as an “okay” sign. Officer Cohen testified that in his experience as a police officer only marijuana cigarettes and cigarettes rolled by the smoker are held in that manner. Both he and Detective Cruz added that cigarettes are usually held between the index and second finger when they are smoked.
After they finished smoking, the five young men re-entered the ear. Fearing that they would drive the vehicle under the influence of marijuana, the officers decided to detain them. Officer Cohen approached the car on the passenger side where co-defendant J.R. was sitting in the front seat. He testified that as he approached the car, he perceived the pungent smell of marijuana.
Pursuant to the request of the officers, the occupants exited the car. As he got out, J.R. threw a still lighted marijuana cigarette on the floor of the car. The cigarette was recovered by Officer Cohen and secured. It was introduced into evidence during the course of this joint trial. Also found in the ear’s ashtray were two marijuana cigarette butts.
Officer Cohen testified that there was a particularly “strong, sour-type” smell of marijuana on J.R.’s body. He further testified that both J.R. and respondent’s eyes were red and bloodshot and that both young men were extremely mellow and calm, which he indicated would be consistent with someone who had smoked marijuana.
Both Cohen and Cruz testified that they were extremely experienced officers in the field of narcotics. Cohen indicated that he had made over two-hundred drug arrests and over one-hundred of them had been for marijuana. He testified that he was extremely familiar with both the smell of marijuana, and the manner in which it is used. He stated that he had never mistakenly identified marijuana and that in every case where he had made an arrest for its possession or sale the police laboratory had confirmed the confiscated substance as marijuana.
Co-respondent J.R. testified on his own behalf. As pertinent to this analysis, he said that his friends were smoking Newport cigarettes and not marijuana. The officers had testified during the state’s case that they searched the vehicle and found no cigarettes of any kind.
The majority concludes that because the state was unable to identify and produce the exact cigarette being smoked outside the car, it failed to prove a case of possession of marijuana against respondent.[1] I disagree.
In Dean v. State, 406 So.2d 1162 (Fla. 2d DCA 1981), an officer was conducting a surveillance at a rock concert. He saw several men leave the concert before its conclusion and watched them enter an automobile. According to the appellate court, he then testified as follows:
*792 He observed the two in the front seat begin fumbling on the floorboard for a minute or so and then saw what appeared to be a cigarette lit and passed among the occupants. He suspected that the cigarette was marijuana, and so he called a backup unit. He then saw the driver go to the trunk of the car, open it and place a brown shopping bag inside it. Thinking that the bag contained marijuana and fearing that the suspects were about to depart, he approached the vehicle and ordered the occupants to keep their hands in plain view. He caught the three men by surprise, but he did not observe any marijuana inside the vehicle. However, he did detect the odor of burning marijuana coming from the front passenger’s window.
Id. at 1163 (emphasis added). As pertinent to the present case, Tommy Dean, was sitting in the back seat of the car.[2] Tommy argued that the state had not proved that he was in possession of any of the marijuana. The Second District Court of Appeal agreed that the state had failed to prove that Tommy was guilty of possessing the bag in the trunk. However, it concluded that there was sufficient proof of possession of the marijuana cigarette the officer saw passed around:
Although Tommy Dean could not be convicted of possessing the marijuana found in the trunk, we affirm his conviction for misdemeanor possession of marijuana. Officer Reaume had substantial experience in narcotics investigation and was trained to recognize marijuana. His testimony that he saw all three occupants of the car smoking a cigarette in a manner commonly used in smoking marijuana coupled with his statement that he smelled a strong odor of marijuana smoke coming from the car immediately thereafter provided sufficient evidence for the jury to find, as it did find, that Tommy Dean had possessed not more than twenty grams of marijuana.
Id. at 1164 (emphasis added). The law is clear that a charge of possession of marijuana, and other drugs, can be proven without the introduction of the contraband into evidence. See Newsome v. State, 543 So.2d 465 (Fla. 2d DCA 1989); State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA 1981); see also United States v. Jones, 480 F.2d 954 (5th Cir.1973).
Given the officers’ experience and observations, the state circumstantially proved that respondent was in possession of marijuana on the night in question.
Respondent hangs his legal hat on the fact that the officers could not exclude the possibility that the five young men in question could have been smoking Newport or Kool cigarettes. He argues that this is a reasonable hypothesis of innocence and that the state’s case necessarily fails. See State v. Law, 559 So.2d 187 (Fla.1989). Again, I disagree. “The state is not required to ‘rebut conclusively every possible variation’ of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events.” Id. at 189. A search of the car where respondent was found revealed not a single Kool or Newport cigarette. A further search of the car’s occupants also failed to reveal the presence of such cigarettes. Moreover, the manner in which respondent and his friends were holding the cigarette in question as they smoked it, and the fact that they were passing the cigarette from one to another after taking a puff belies the suggestion that what was being smoked *793 was a conventional cigarette. The hypothesis of innocence respondent seeks must be reasonable; the hypothesis he suggests, is not.
I respectfully dissent.

. The state does not pretend to base its case on the marijuana cigarettes, so-called "roaches,” found in the ashtray of the car. Rather, the case is based on the cigarette being smoked outside the car.

. The appellants were Gary and Tommy Dean.