818 So.2d 588 (2002)
Bernard B. ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1262.
District Court of Appeal of Florida, Fifth District.
April 26, 2002.
Rehearing Denied June 13, 2002.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Bernard Robinson appeals from his convictions and sentence for aggravated felony fleeing and eluding a law enforcement officer, possession of cannabis and resisting a law enforcement officer without violence. Robinson was sentenced to fifteen years' incarceration, consecutive to an already existing five-year prison sentence for violating probation. Of the issues Robinson raises, the only one that warrants discussion is whether the trial court erred in admitting into evidence a cigar allegedly rolled with marijuana based upon an arresting officer's opinion that the cigar was a "blunt" containing marijuana. We affirm.
At trial, one of the arresting officers testified that the cigar discovered in Robinson's car contained marijuana. The officer's conclusion was based on his training, four years of experience handling marijuana, and Robinson's own admission, as well as the cigar's form, odor and appearance. When the State sought to admit the "blunt" into evidence, Robinson objected, arguing, inter alia, that the State failed to sufficiently prove that the substance in the cigar was marijuana because the officer was not qualified to give an expert opinion on this issue. The trial court overruled the objection and admitted the cigar into evidence.
A witness may be qualified as an expert based on his or her knowledge, skill, experience, *589 training or education to render an opinion if it will assist the jury in determining a fact in issue. § 90.702, Fla. Stat. (2001). The courts generally agree that the identification of illegal drugs may be proven by expert witnesses. Brooks v. State, 762 So.2d 879 (Fla.2000); J.S. v. State, 691 So.2d 20, 20 (Fla. 3d DCA 1997) (citing Pama v. State, 552 So.2d 309 (Fla. 2d DCA 1989); A.A. v. State, 461 So.2d 165 (Fla. 3d DCA 1984)); State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA 1981).[1] Therefore, chemical or scientific testing is not necessary for the state to prove that a particular substance is an illegal drug. J.S.; Raulerson. A law enforcement officer, for example, with adequate experience with narcotics can identify a substance as marijuana by its appearance and odor. J.S.; Raulerson.
Robinson specifically contends that the officer who testified was not qualified to render an opinion that the substance in the cigar was marijuana. However, "[i]t is within the trial court's discretion to determine a witness's qualifications to express an opinion as an expert, and the court's determination in this regard will not be reversed absent a clear showing of error." Brooks, 762 So.2d at 892 (citations omitted); see also Ramirez v. State, 542 So.2d 352 (Fla.1989). The trial court found that the arresting officer had sufficient training and experience with marijuana to qualify him to render an opinion that the substance was indeed marijuana. We see nothing in the record to indicate that the trial court abused its discretion in making this decision.
AFFIRMED.
GRIFFIN and ORFINGER, R. B., JJ., concur.
NOTES
[1] The Florida Supreme Court held in Brooks that an experienced dealer of crack cocaine was qualified to testify that the retrieved substance was crack cocaine and that each rock weighed approximately one gram. See also Raulerson. Although here we are not confronted with the specter of the state in a criminal prosecution attempting to qualify a drug dealer as an expert witness to identify illegal narcotics, if a drug dealer may qualify as an expert identifier of illegal narcotics, his antithesis, a law enforcement officer, may certainly qualify despite the fact that each acquires the requisite knowledge, skill, training, and experience in very different ways.