IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

May 25, 2016

R.C.,                                        )
                                             )
            Appellant,                       )
                                             )
v.                                           )          Case No. 2D15-1738
                                             )
STATE OF FLORIDA,                            )
                                             )
            Appellee.                        )
                                             )
_____)

BY ORDER OF THE COURT:

        Upon consideration of the motion for rehearing or certification filed by the

appellant on March 16, 2016,

        IT IS ORDERED that the appellant's "motion for rehearing or certification of

conflict or question of great public importance" is denied.  On this court's own motion,

the opinion dated March 11, 2016, is withdrawn and the attached opinion is substituted

therefor.  The revised opinion clarifies certain points discussed in the final paragraph of

the original opinion.  The remainder of the opinion is unchanged, as is the result.

        No further motions for rehearing will be entertained in this appeal.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

R.C.,                                          )
                                               )
           Appellant,                          )
                                               )
v.                                             )    Case No. 2D15-1738
                                               )
STATE OF FLORIDA,                              )
                                               )
           Appellee.                           )
                                               )
_____)

Opinion filed May 25, 2016.

Appeal from the Circuit Court for
Hillsborough County; Manuel A. Lopez,
Judge.

Howard L. Dimmig, II, Public Defender, and
Alisa Smith, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellee.


WALLACE, Judge.

           R.C., a juvenile, appeals a disposition order placing him on probation for

possession of marijuana and administering a judicial warning for possession of drug

paraphernalia.  R.C. argues that the trial court erred in admitting the testimony of the

arresting officer identifying the plant material and pipe seized from R.C.'s book bag as

marijuana and drug paraphernalia because the State failed to satisfy the recently

adopted Daubert[1] standard for the admissibility of expert testimony as stated in section 90.702, Florida Statutes (2014) (codifying Daubert).  Because the Daubert standard regarding the admissibility of expert testimony does not change the long-established rule that lay persons can identify marijuana based on their personal experience and knowledge, we affirm.

## I.  THE FACTS

On November 19, 2014, a teacher at a high school in Hillsborough County reported to the assistant principal that she had seen two male students smoking on the school grounds.  When the teacher confronted the students, they ran.  The assistant principal relayed the teacher's account of the students' behavior, their description, and the direction that they had taken to the resource officer assigned to the school, a sheriff's deputy.  The deputy promptly got in his patrol car and left the school in pursuit of the two students.  He saw the students run through a nearby mobile home park and hide in a shed.  After the deputy issued several commands to the students, they emerged from the shed.  R.C. was one of the two students.  When the deputy approached R.C., he noticed "[a] strong odor of burnt marijuana emitting from his person."

The deputy transported R.C. and the other student back to the school.  At the school, the assistant principal questioned R.C. and searched his book bag.  The search of the book bag revealed a package containing a leafy substance and a blue pipe.  The assistant principal turned these items over to the deputy.

## II.  THE PETITION AND THE HEARING

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

The State filed a delinquency petition charging R.C. as follows: Count One, possession of cannabis (less than twenty grams), a violation of section 893.13(6)(b), Florida Statutes (2014); and Count Two, possession of drug paraphernalia, a violation of section 893.147(1). R.C. entered a plea of not guilty, and the matter was scheduled for an adjudicatory hearing. Before the hearing, defense counsel filed a "Child's Motion in Limine to Exclude Law Enforcement Testimony as to Their Ability to Detect Cannabis." The motion requested the entry of an order barring "law enforcement opinion testimony as to having sufficient training and experience to detect cannabis." In support of this motion, defense counsel argued, among other things, that the State would be unable to satisfy the Daubert standard for the admissibility of expert testimony, codified in section 90.702, effective July 1, 2013, with regard to the testimony of the deputy identifying the substance found in R.C.'s book bag.

The trial court considered the motion in limine at the adjudicatory hearing. The deputy testified that he had been employed at the Hillsborough County Sheriff's Department for approximately thirteen years. The deputy's curriculum at the police academy had included training in the detection of controlled substances, including marijuana. The deputy had also taken several courses related to the detection of narcotics. His experience working at middle schools and high schools involved investigations related to marijuana on an almost daily basis. The deputy stated that he had testified more than one hundred times in the courts of Hillsborough County regarding his recognition of substances as marijuana. Based on his training and experience, the deputy testified that he could identify the odor coming from R.C. upon

his apprehension as marijuana. The deputy also testified that he had determined that the substance found in R.C.'s book bag was marijuana. Finally, the deputy testified that the pipe taken from the book bag was a device used for smoking marijuana.

Defense counsel timely objected to the deputy's testimony about the odor coming from R.C. and the nature of the substance found in his book bag. In addition to reasserting the previously-filed motion in limine, she argued at the hearing as follows:

> [A]s far as the ability to detect marijuana by the odor and the smell, I don't think that he meets the reliability standard. He wasn't able to give an error rate. He has no peer reviewed journal articles that support his ability. He's never, ever had any—he's had one, out of the hundreds, of his substances that he alleged to be marijuana, tested and verified by a laboratory.
>
> I don't think he can reliably testify as to having the ability to detect marijuana under the new gatekeeping function that the Court must provide.

The trial judge explained his view as follows:

> But this officer is giving his opinion—is testifying as to what he believes the substance was based on his training and experience; not based on a scientific test. Based on his training and experience.
>
> . . . .
>
> He's giving a lay opinion. He's not giving an expert opinion.

Based on this rationale, the trial court allowed the deputy to testify concerning his determination that the substance found in R.C.'s book bag was marijuana.

At the conclusion of the hearing, the trial court found R.C. to be guilty of both offenses as charged. The trial court withheld adjudication of guilt and placed R.C. on probation for six months on the charge of possession of marijuana. With regard to

- 4 -

the paraphernalia charge, the trial court administered a judicial warning.  This appeal followed.

### III.  <u>DAUBERT</u> AND SECTION 90.702

In 2013, the legislature amended section 90.702 with the intention of adopting "the standards for expert testimony in the courts of this state as provided in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>General Electric Co. v. Joiner</u>, 522 U.S. 136 (1997), and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999)."  Ch. 2013-107, § 1, at 1462, Laws of Fla. (Preamble to § 90.702).  The legislature also expressed its intention that the standard in <u>Frye v. United States</u>, 293 F. 1013 (D.C. Cir. 1923), would no longer apply in the Florida courts.  <u>Id.</u>  By amending section 90.702, the legislature further intended to prohibit the use in the Florida courts of pure opinion testimony as provided in <u>Marsh v. Valyou</u>, 977 So. 2d 543 (Fla. 2007).  <u>Id.</u>  In other words, by adopting <u>Daubert</u>, the legislature made it clear that "pure opinion testimony," i.e., testimony based only on the personal experience and training of the expert, is no longer admissible.  <u>Booker v. Sumter Cty. Sheriff's Office/N. Am. Risk Servs.</u>, 166 So. 3d 189, 192 (Fla. 1st DCA 2015).

As amended, section 90.702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:
>
> (1) The testimony is based upon sufficient facts or data;
>
> (2) The testimony is the product of reliable principles and methods; and

(3) The witness has applied the principles and methods reliably to the facts of the case.

The effective date of the amendment to section 90.702 is July 1, 2013.  Ch. 2013-107, § 3.[2]

In Daubert, the Supreme Court considered the admissibility of scientific testimony, holding that such testimony is admissible only if it is both relevant to the issues and reliable.  509 U.S. at 589.  Daubert posits a "gatekeeper" role for judges, requiring them to consider as a preliminary matter to the admissibility of scientific expert testimony "whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."  Id. at 592-93.  Noting that many factors would bear on this inquiry, the Court set out some general factors to be considered in assessing the reliability of scientific expert testimony as follows: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known potential rate of error of the particular scientific technique under consideration; and (4) whether the scientific theory or technique has achieved general acceptance in the relevant scientific community.  Id. at 593-94.

---

[2]We recognize that the Florida Supreme Court has not adopted the amendment to section 90.702 rejecting the Frye standard in favor of Daubert as a rule of procedure.  However, R.C. is arguing in favor of the applicability of Daubert, and the State has not raised any constitutional issue regarding the 2013 amendment.  Accordingly, we assume without deciding that the Daubert standard is applicable to expert testimony.  See Baan v. Columbia County, 40 Fla. L. Weekly D2707, D2708 n.8 (Fla. 1st DCA Dec. 8, 2015).

In Kumho Tire, the Court held that the principles announced in Daubert extended not only to scientific expert testimony but to all subjects of expert testimony, including matters involving technical or other specialized knowledge. 526 U.S. at 147-49. The court's opinion in Kumho Tire makes clear that Daubert's requirement that the trial court act as a "gatekeeper" to the admissibility of expert testimony "applies not only to 'scientific' knowledge, but also testimony based on 'technical' and 'other specialized' knowledge." Id. at 141.

## IV. R.C.'S APPELLATE ARGUMENT

R.C. observes that his trial counsel objected to the "pure opinion, lay opinion, and expert testimony" offered at the hearing by the deputy. Indeed, R.C.'s trial counsel argued that despite the deputy's testimony about his training and experience, the number of drug cases that he had investigated, and his personal experiences with marijuana, he was not qualified to offer an opinion under section 90.702. Notably, the deputy's testimony about the identity of the substance found in R.C.'s book bag was unsupported by any field testing or laboratory findings.

On appeal, R.C. argues that the deputy's testimony was inadmissible for two reasons. First, the testimony amounted to "pure opinion" testimony that is now inadmissible under Daubert as codified in section 90.702. Second, the deputy's testimony about his "training and experience" did not provide "facts or data," based on reliable principles and methods, or principles and methods reliably applied to the facts of the case for his testimony to be admissible. Stated differently, R.C. argued that because law enforcement officers cannot reliably depend upon their sensory organs to detect marijuana, the codification of Daubert in section 90.702 prohibits the use of their

pure opinion testimony—rooted in their training and experience—in identifying an unknown substance as marijuana. See Giaimo v. Fla. Autosport, Inc., 154 So. 3d 385, 387 (Fla. 1st DCA 2014) (holding that an expert medical witness's testimony was "pure opinion" where it was "unsupported by a foundation of sufficient facts and data and lacking a basis in reliable medical principles and methods").

## V. DISCUSSION

We think that the trial court correctly ruled that the deputy's identification of the substance found in R.C.'s book bag as marijuana was admissible in evidence. Before the 2013 amendment to section 90.702, the identification of marijuana by nonscientific means was a settled issue in the Florida courts. See Sinclair v. State, 995 So. 2d 552, 555 (Fla. 3d DCA 2008); see also Pama v. State, 552 So. 2d 309, 311 (Fla. 2d DCA 1989) ("It is not necessary for the state to prove the identification of marijuana by chemical or scientific means."); Dean v. State, 406 So. 2d 1162, 1164 (Fla. 2d DCA 1981) (finding a law enforcement officer's testimony sufficient to sustain a conviction for possession of marijuana where the officer had substantial experience in narcotics investigations and was trained to recognize marijuana); A.A. v. State, 461 So. 2d 165, 167 (Fla. 3d DCA 1984) (holding that a law enforcement officer had adequate experience in identifying marijuana to express an opinion on the nature of the substance at issue in the case); State v. Raulerson, 403 So. 2d 1102, 1103 (Fla. 5th DCA 1981) ("[I]t is not necessary for the State to prove the identity of contraband as marijuana by chemical or scientific proof.").

Florida's adoption of the Daubert standard has not changed the long-established rule that lay persons can identify marijuana—and some other illicit

substances as well, e.g., cocaine and methamphetamine—based on their personal experience and knowledge. Such testimony is not admitted based on scientific expertise but instead based on the layman's training and experience, for which a predicate establishing a sufficient degree of familiarity is sufficient. See United States v. Walters, 904 F.2d 765, 770 (1st Cir. 1990) (holding that scientific analysis or expert testimony is not required to prove the illicit nature of a substance and proof identifying the substance may be based on the opinion of a knowledgeable lay person); United States v. Paiva, 892 F.2d 148, 157 (1st Cir. 1989) ("Although a drug user may not qualify as an expert, he or she may still be competent, based on past experience and personal knowledge and observation, to express an opinion as a lay witness that a particular substance perceived was cocaine or some other drug."); United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976) ("[L]ay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction."). If it were otherwise, there would be a substantial amount of litigation on this subject in the federal courts and other jurisdictions that adopted Daubert years ago. Tellingly, the contrary is true. The federal courts—which have followed Daubert since 1993—have long allowed lay testimony to identify illicit substances much as the deputy did in this case. See, e.g., United States v. Robinson, 144 F.3d 104, 108 (1st Cir. 1998) ("[P]roof based upon scientific analysis or expert testimony is not required to prove the illicit nature of a substance." (quoting United States v. Valencia-Lucena, 925 F.2d 506, 512 (1st Cir. 1991))); Robinson v. State, 702 A.2d 741, 745 (Md. 1997) (collecting both federal and state cases supporting the proposition that proof of the chemical

composition of an alleged controlled substance need not be established only by chemical analysis but instead may be proved by circumstantial or indirect evidence).

In this case, the State laid a sufficient foundation for the deputy's identification of the substance found in R.C.'s book bag as marijuana based on the deputy's experience and training. See Floyd v. State, 569 So. 2d 1225, 1232 (Fla. 1990) (discussing the limitations on lay opinion testimony imposed by section 90.701, Florida Statutes and concluding that "[l]ay witness opinion testimony is admissible if it is within the ken of an intelligent person with a degree of experience"); Dean, 406 So. 2d at 1164 (holding that a law enforcement officer's testimony was sufficient to identify a substance as marijuana where the evidence showed that the officer had substantial experience in narcotics investigations and was trained to recognize marijuana); see also Sinclair, 995 So. 2d at 556 ("[F]or such a lay identification to be proffered, the suspect substance must possess a distinctive set of physical characteristics that render it amenable to non-chemical identification, and the witness identifying the substance must possess an experiential background sufficient for the court to conclude that his or her identification is reliable."); Raulerson, 403 So. 2d at 1103-04 (approving identification of marijuana by a lay witness based on its distinctive odor and other circumstances suggestive of a marijuana smuggling operation); Turner v. State, 388 So. 2d 254, 257 (Fla. 1st DCA 1980) (declining to follow a rule requiring scientific proof of the actual identity of a substance as marijuana and approving the view "that, in addition to the scientific tests, other facts tending to show the identity of the substance, such as its appearance and smell and circumstances under which it was seized, are probative and can meet the state's burden of proof").

In a motion for rehearing, R.C. asserts that our decision is in conflict with A.A., 461 So. 2d 165, and Brooks v. State, 762 So. 2d 879 (Fla. 2000).[3] We disagree. In A.A., the Third District held that a trial court did not abuse its discretion in permitting a law enforcement officer to testify as an "expert" in marijuana identification based on his training and extensive work experience. Id. at 166. The Third District expressly noted that the trial court's determination that the officer qualified as an "expert" within the purview of section 90.702 was a matter "left to the trial court's discretion, reviewable only for abuse." Id. at 166 n.1. Similarly, in Brooks, the trial court permitted a crack cocaine dealer "to express his opinion, in the form of expert testimony, regarding the identity and weight of the rocky substance contained in [a] sandwich bag." 762 So. 2d at 891-92. Discussing section 90.702, the Florida Supreme Court said that "[i]t is within the trial court's discretion to determine a witness's qualifications to express an opinion as an expert, and the court's determination in this regard will not be reversed absent a clear showing of error." Id. at 892. After a review of the facts and pertinent circumstances, the court held "that the trial court did not clearly err in allowing [the witness] to express his opinion, in the form of expert testimony, that the sandwich bag contained crack cocaine." Id. at 894.

We conclude that the holdings in A.A. and Brooks are not inconsistent with the result that we reach here. A.A. and Brooks merely held that the trial judges in those cases did not abuse their discretion or reversibly err by ruling that a particular witness was qualified to testify as an "expert" within the meaning of section 90.702 concerning

---

[3]We note that R.C. did not cite either of these cases as authorities in the brief that he filed in this court.

the identification of a substance by nonscientific means. These holdings do not mean that a trial judge may not allow a police officer to testify as a lay witness to observable facts concerning the identity of a substance based on his training and experience. Numerous cases from Florida and other jurisdictions, as cited above, so hold.[4]

It follows that the trial court did not err in denying R.C.'s motion in limine and properly admitted the deputy's testimony identifying the substance found in R.C.'s book bag as marijuana. Accordingly, we affirm the order of disposition.

Affirmed.


BLACK and LUCAS, JJ., Concur.

---

[4]While the motion for rehearing in this case was pending, the Third District Court of Appeal issued L.L. v. State, 41 Fla. L. Weekly D854 (Fla. 3d DCA Apr. 6, 2016), in which it also held that a trial court did not err in admitting a police officer's non-expert testimony regarding the identification of marijuana over a Daubert objection.