PER CURIAM.
Appellant, at trial, was represented by court-appointed counsel. Another attorney appeared for appellant at sentencing. Appellant argues on appeal that this substitution of counsel rendered the sentencing hearing fundamentally unfair and constitutionally deficient. We decline to adopt a rule that such substitution constitutes reversible error per se. Each case must proceed on its own facts, and the burden is on appellant to demonstrate that his rights were prejudiced by the substitution. Eutzy v. State, 536 So.2d 1014, 1015 (Fla.1988) (to support a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel’s performance was deficient and that the deficient performance prejudiced him). We find no such prejudice on this record.
*1292 However, the written sentencing orders (entered after jury verdict of guilty) pertaining to Counts I through IX and XIV of an amended information imposing a twenty-five year mandatory minimum term of imprisonment, we find to be in error. At the sentencing hearing the trial court correctly imposed the three year mandatory minimum term of imprisonment. Remand is therefore necessary only to correct the errors in the sentencing forms. Tetro v. State, 581 So.2d 1009 (Fla. 4th DCA 1991).
In all other respects we affirm.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY and POLEN, JJ., concur.
STONE, J., dissents with opinion.