PER CURIAM.
Marvin Knight appeals an order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He argues that his motion raises a timely claim pursuant to Hale v. State, 630 So.2d 521 (Fla.1993). We agree and remand this case for further consideration of the claim pursuant to Dixon v. State, 730 So.2d 265 (Fla.1999).
Knight also asserts that his mandatory minimum sentences for attempted first degree murder, armed burglary of a structure, armed burglary of a conveyance, and armed kidnaping are illegal because the jury failed to make a specific finding that he personally possessed a firearm during the commission of the crimes. See, e.g., Tucker v. State, 726 So.2d 768 (Fla.1999); Robinson v. State, 698 So.2d 908 (Fla. 1st DCA 1997). If Knight’s assertion is true, then his sentences are in excess of the statutory limitations and are illegal. See State v. Mancino, 714 So.2d 429 (Fla.1998). The trial court should have considered this claim as an illegal sentence claim pursuant to Rule 3.800(a). The trial court is therefore directed to so consider the claim upon remand.
Finally, Knight’s sentences for attempted first degree murder and armed kidnap-ing are illegal on other grounds. The judgment indicates that these convictions were enhanced to life felonies, which at the 'time Knight committed his offenses did not qualify for habitual offender treatment. See Glover v. State, 596 So.2d 1258 (Fla. 1st DCA 1992). We therefore vacate the sentences for these two offenses and direct the trial court to resentence Knight as to these two offenses upon remand.
The order is otherwise affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ALLEN, LAWRENCE and BENTON, JJ., CONCUR.