PER CURIAM.
The appellant challenges an order denying his claim that he was illegally sentenced. We reverse.
Appellant contends that the three-year mandatory minimum sentences imposed upon him were illegal because the record demonstrates that his accomplice possessed the only firearm and the jury did not specifically find that he actually possessed a firearm during the commission of the offenses. Because unlike the defendant in Tucker v. State, 726 So.2d 768 (Fla.1999), appellant was not the only individual involved in the incidents out of which the criminal charges arose, the fact that the verdict forms state that the jury found him guilty of the offenses at issue “with the use of a firearm” does not necessarily indicate that it found that he actually possessed the firearm. As noted in Robinson v. State, 698 So.2d 908 (Fla. 1st DCA 1997), under these circumstances, “it is possible the jury found the defendant guilty of [the offense] with a firearm as a principal.”
The order denying the motion is REVERSED, and the case is REMANDED *703 to the trial court with directions to vacate the minimum mandatory sentences.
ERVIN, BARFIELD, and BENTON, JJ., CONCUR.