PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule Criminal Procedure 3.800(a). Because the trial court failed to conclusively *358 refute the appellant’s claim that there was no factual basis to support the imposition of a mandatory minimum term, we reverse. We affirm all other issues raised in the appellant’s motion without discussion.
On June 19, 1990, the appellant was convicted of armed robbery in case number 89-0942 and was sentenced to ten years’ imprisonment with a three-year mandatory minimum for the possession of a firearm. The appellant alleged in his rule 3.800(a) motion that the three-year mandatory minimum imposed in this case was illegal because the factual basis showed that the appellant did not possess the firearm used in the robbery. The appellant directed the Court’s attention to a portion of the record where the state conceded that the appellant did not possess a firearm during this offense. The trial court failed to attach any portion of the record to refute the appellant’s claim and found that the issue should have been raised on direct appeal. Because there was an affirmative indication on the face of the record that the appellant did not possess a firearm, the claim that there was not a factual basis to support the imposition of a firearm mandatory minimum is cognizable in a rule 8.800(a) motion. See Knight v. State, 763 So.2d 1231 (Fla. 1st DCA 2000); Valdes v. State, 765 So.2d 774, 776 (Fla. 1st DCA 2000).
We therefore reverse the trial court’s summary denial of this claim and remand for further attachment of record portions conclusively refuting the appellant’s claim or for resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED.
BARFIELD, ALLEN and DAVIS, JJ., CONCUR.