PER CURIAM.
 

 The appellant challenges the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He alleges the court illegally enhanced his sentences for attempted first-degree murder and armed kidnapping pursuant to section 775.087, Florida Statutes (1987).
 

 Background
 

 This case has a long history relevant to the decision in this appeal. In 1989, a jury convicted the appellant on nine counts, including attempted first-degree murder (count one) and armed kidnapping (count six). These counts were enhanced to life sentences for use of a firearm. The court also classified the appellant as a habitual felony offender on the eight felony counts. The court sentenced him to life in prison for count one, to be served consecutively with thirty years on count six. The court also imposed a minimum mandatory of three years on counts one, three, five and six, all to be served consecutively. This Court affirmed the convictions and sentences on direct appeal.
 
 Knight v. State,
 
 561 So.2d 1363 (Fla. 1st DCA 1990).
 

 In the appellant’s first postconviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, he argued the mandatory minimums were “illegal because the jury failed to make a specific finding that he personally possessed a firearm during the commission of the crime.”
 
 Knight v. State,
 
 763 So.2d 1231, 1232 (Fla. 1st DCA 2000) (Knight I). The decision noted that the trial court should have considered that claim under rule 3.800(a), and directed the trial court to do so on remand. This Court made no finding on the merits of the appellant’s claim, but did declare the consecutive sentences illegal on other grounds. Specifically, those convictions that are enhanced to life felonies do “not qualify for habitual offender treatment.” This Court vacated the sentences, and remanded to the trial court for resentencing on counts one and six.
 

 The trial court resentenced the appellant accordingly and denied his claim that the three-year minimum mandatory sentences were illegal. On his second appeal, this Court reversed, noting that in crimes with two participants, the jury must specifically find that a person had actual possession of the firearm to qualify for sentencing under section 775.087.
 
 Knight v. State,
 
 800 So.2d 702, 702 (Fla. 1st DCA 2001)
 
 (Knight
 
 II) (citing
 
 Robinson v. State,
 
 698 So.2d 908, 908 (Fla. 1st DCA 1997), which stated that “because the verdict form does not contain a specific finding that the defendant actually possessed the firearm, the three-year mandatory minimum cannot be applied”). Because the jury did not specifically find that the appellant had actual possession of the gun, this Court remanded the case to the trial court with orders to vacate the minimum mandatory sentences. The appellant now argues that our holding in
 
 Knight II
 
 shows the jury never found him in actual possession of a firearm, and therefore, the enhancement of counts one and six from first-degree felonies to life felonies is illegal.
 

 Analysis
 

 Pursuant to section 775.087, a person in possession of a firearm during the commission of a felony of the first degree must have his sentence enhanced to a life felony. Actual possession of a firearm is required for this statute to apply.
 
 Robinson,
 
 698 So.2d at 908. As al
 
 *676
 
 ready noted, this Court already found the jury did not make a specific finding that the appellant had actual possession of a firearm. For this reason, the sentence must be vacated as illegal.
 

 The state argues the trial court was correct in its denial of the appellant’s motion. The trial court based its decision on language from
 
 Knight I,
 
 which the court believed “definitively determined that the attempted first-degree murder charge and the armed kidnapping charge were properly classified as life felonies.” However, this Court only made a finding that the judgment reflected that the convictions were enhanced; it did not make any finding as to the propriety of the enhancement. Moreover, this Court’s holding in
 
 Knight II
 
 suggests quite the opposite. Finally, in
 
 Knight I,
 
 we expressly left open the issue as to whether the appellant’s sentence was illegal due to the jury’s not making a finding that he was in actual possession of the firearm, and remanded to the trial court for that determination.
 

 We conclude that the record conclusively establishes that the appellant’s convictions for attempted first-degree murder and armed kidnapping were illegally enhanced to life felonies because the jury did not find that the appellant was in actual possession of a firearm. We therefore reverse the summary denial of the appellant’s claims in this regard and remand for the trial court to strike the enhancements and resentence the appellant in accordance with this opinion. We note that once the firearm enhancement is removed, the appellant’s convictions will constitute first-degree felonies, and the trial court will be free to rehabitualize the appellant and sentence him accordingly. We affirm without discussion the remaining claims raised in the appellant’s motion.
 

 AFFIRMED IN PART; REVERSED IN PART AND REMANDED with directions.
 

 BENTON, C.J., ROBERTS, and RAY, JJ., concur.