STEVENSON, J.
The defendant appeals his conviction and sentence for robbery with a firearm. The defendant was sentenced to ten years imprisonment, with a ten-year mandatory minimum, pursuant to section 775.087(2), Florida Statutes, (the “10-20-life statute”) for his possession of a firearm during the robbery. The defendant has argued that (1) he was prejudiced by admission of a bloody jacket at trial; (2) the State failed to provide a genuine race-neutral reason for striking a juror; and (3) the State failed to prove that he possessed a firearm during the robbery. We find no error in issues (1) and (2) and affirm the conviction. However, we reverse the 10-20-life sentencing enhancement due to the State’s failure to prove that the defendant actually possessed a firearm.
The defendant was one of two men who robbed a Subway store. The employee present during the robbery testified that both men had guns, but that the gun used by the defendant appeared to be a toy gun. No firearm was entered into evidence at trial, nor was there any evidence contradicting the employee’s testimony. Because the State presented evidence that the defendant’s accomplice had a gun, the evidence was sufficient to support the defendant’s robbery conviction under a principal theory. See Demps v. State, 649 So.2d 938, 939 (Fla. 5th DCA 1995) (finding evidence sufficient to support conviction for armed robbery, pursuant to principal theory, where evidence showed that codefendant carried firearm during commission of crime). However, while “possession of a firearm by a codefendant is sufficient to convict a defendant of armed robbery, pursuant to the principal theory, it is not a sufficient basis to warrant the imposition of the [10-20-life] mandatory minimum sentence.” Freeny v. State, 621 So.2d 505, 506 (Fla. 5th DCA 1993) (footnote omitted). Rather, the State must prove that a defendant had actual possession of the firearm. See Knight v. State, 70 So.3d 674, 675 (Fla. 1st DCA 2011). A toy gun does not fit within the definition of firearm under the 10-20-life statute. See, e.g., Coley v. State, 801 So.2d 205, 206-07 (Fla. 2d DCA 2001) (holding that a BB gun is not a firearm under the 10-20-life statute). Thus, the sentencing enhancement must be vacated.

Affirmed in part; vacated in part.

WARNER and TAYLOR, JJ., concur.