DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE MATO DOTEL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-4356

[August 19, 2015]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case No. 2008CF011497DMB.

Anthony M. Genova, Miami, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for first-degree murder and four other related counts. He argues the trial court erred in: (1) denying his motion to suppress, (2) instructing the jury outside the presence of the defendant and his lawyer, (3) denying his request for a special independent act instruction, and (4) denying his motion for judgment of acquittal. The State cross-appeals and argues the court erred in: (1) reducing the armed robbery conviction to a robbery conviction, and (2) instructing the jury on duress and independent act defenses. We find no merit in the issues raised by the defendant, but agree with the State that the court erred in reducing the armed robbery conviction to simple robbery. We therefore affirm the defendant's conviction, but reverse on the cross-appeal and remand the case to the trial court.

The charges arose from the robbery of the Three Amigos convenience store. Four armed men, the co-defendants, entered the store while the defendant remained outside in the car. The co-defendants ordered the store customers to lie down and restrained them with zip ties. They ordered the store employees to open the cash registers while threatening

them at gunpoint. They took approximately $50,000, struck the store owner, and left in the car driven by the defendant.

The store owner called 911 and followed the co-defendants. During the chase, one of the co-defendants shot at the store owner who was following them. A bullet fatally struck the driver of another vehicle that was passing by; another bullet barely missed the passenger. Law enforcement was able to apprehend three of the co-defendants shortly after the shooting, but the defendant escaped. After obtaining a warrant based on phone records from the three arrested co-defendants, law enforcement arrested the defendant.

Detectives interviewed the defendant, who admitted to driving the getaway car, but denied having any knowledge of the co-defendants' intent to commit the robbery. The defendant moved pre-trial to suppress his statements; the trial court denied the motion.

The State charged the defendant with thirteen counts. The jury found the defendant guilty of burglary with an assault/battery on the store owner while armed with a firearm, robbery with a firearm of a store customer, and the lesser-included offenses of false imprisonment with a firearm on the two kidnapping charges. The jury was unable to reach a verdict on the murder charge, and found the defendant not guilty of the remaining eight counts.

A second trial resulted in a finding of guilt on the murder charge. The trial court vacated the sentence for the convictions from the first trial, and sentenced the defendant to life imprisonment on the murder conviction. The defendant appealed; the State cross-appealed.

The defendant argues the court erred in denying his motion to suppress his statement because law enforcement violated his constitutional right against self-incrimination. The State responds the trial court properly denied the motion to suppress. We agree with the State.

When reviewing motions to suppress, we "defer to the trial court's factual findings but review legal conclusions de novo." *Pantin v. State*, 872 So. 2d 1000, 1002 (Fla. 4th DCA 2004) (quoting *Backus v. State*, 864 So. 2d 1158, 1159 (Fla. 4th DCA 2003)).

The defendant argues: (1) he was not properly advised of his *Miranda*[1] rights during the interrogation, and (2) his statements were involuntary

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

due to police intimidation and threats. The State responds that the defendant's constitutional rights were not violated during the interrogation. We agree with the State.

The detectives conducted the interrogation in Spanish because the defendant spoke little English. The detectives gave the defendant a rights waiver form in Spanish. He read his rights from the form and responded that he understood them.

He told the detectives he did not know the co-defendants intended to rob the store; he thought the store owner owed them money. When the co-defendants exited the store, he drove away fast as instructed by the co-defendants. The detectives accused the defendant of lying and playing games. We find no error in the trial court's denial of the defendant's motion to suppress based upon the arguments made at trial.[2]

In its cross-appeal, the State argues the trial court improperly reduced the defendant's robbery with a firearm conviction to simple robbery. The State argues we clarified the law in this area subsequent to the trial court's decision, and the robbery with a firearm conviction should be reinstated. We agree and reverse on this issue.

We have de novo review of this legal issue. *Kasischke v. State*, 991 So. 2d 803, 807 (Fla. 2008).

The jury in the first trial found the defendant guilty of robbery with a firearm. This conviction carried a maximum sentence of life imprisonment. § 812.13(2)(a), Fla. Stat. (2007). However, during sentencing after the second trial, the trial court reduced that conviction to unarmed robbery, punishable by a maximum of fifteen years' imprisonment.

The trial court reduced the conviction based on its interpretation of section 775.087, Florida Statutes (2007), and existing case law. It explained: "I'm going to interpret it that you're a principal unless you possessed a weapon[;] if your co-principals possessed a weapon that that [sic] doesn't make a robbery charge enhanced as to the person that didn't possess."

---

[2] In a supplemental brief, the defendant argues that the record reflects he had a low IQ, was unable to perform simple tasks for himself, and may have been incompetent. These arguments were not made to the trial court in the motion to suppress, but may be appropriate for a request for post-conviction relief.

3

Our supreme court has held that the statutory enhancement found in section 775.087, Florida Statutes (2007), does not apply to defendants who do not actually possess the firearm. *See State v. Rodriguez*, 602 So. 2d 1270, 1272 (Fla. 1992). Section 812.13, however, already enhances the penalty to life imprisonment when a robbery is committed with a firearm. § 812.13(2)(a), Fla. Stat.

In *Cesar v. State*, 94 So. 3d 703 (Fla. 4th DCA 2012), we reconciled the two statutes. "[W]hile 'possession of a firearm by a codefendant is sufficient to convict a defendant of armed robbery, pursuant to the principal theory, it is not a sufficient basis to warrant the imposition of the [10-20-life] mandatory minimum sentence.'" *Id.* at 704 (second alteration in original) (quoting *Freeny v. State*, 621 So. 2d 505, 506 (Fla. 5th DCA 1993)).

Here, it was uncontroverted that multiple co-defendants possessed firearms during the robbery. The jury convicted the defendant of robbery with a firearm as a principal. Section 812.13 provided for a life sentence without the need to rely on section 775.087. The trial court erred when it reduced the defendant's conviction from armed robbery to robbery. We therefore reverse and remand the case to the trial court to reinstate the armed robbery conviction and the life sentence.

*Affirmed on direct appeal. Reversed on cross-appeal.*

KLINGENSMITH, J., and ROBY, WILLIAM L., Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***