DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OTIS WOODBERRY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-2143

[February 3, 2016]

Appeal of order dismissing rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan Vaughn, Judge; L.T. Case No. 561990CF002943D.

Otis Woodberry, Daytona Beach, pro se.

No appearance required for appellee.

### ON ORDER TO SHOW CAUSE

PER CURIAM.

Otis Woodberry has filed a number of untimely collateral challenges to his convictions. Because he continues to file frivolous pleadings after receiving a warning and because he has failed to show good cause why sanctions should not be imposed, we prohibit him from further pro se filings.

Among other counts, Woodberry is serving thirty years in prison for attempted first degree felony murder with a firearm and nine life sentences for robbery with a firearm, kidnapping with a firearm, and burglary of a dwelling with a firearm for offenses committed in 1990.

In this case, he appealed the dismissal of a rule 3.800(a) motion that raised challenges to his convictions. The trial court explained its dismissal. We affirmed the trial court's order and issued Woodberry an order to show cause why sanctions should not be imposed for frivolous filing. Woodberry was previously warned in case 4D10-3806 that further frivolous filing would result in sanctions.

Ground one of Woodberry's motion alleged that his sentence for attempted first degree felony murder with a firearm is illegal because attempted first degree felony murder is a non-existent crime based on *State v. Gray*, 654 So. 2d 552 (Fla. 1995). Ground two alleged that his sentences for robbery, kidnapping, and burglary were illegally enhanced based on the use of a firearm. Woodberry complained that these convictions were based on a principal theory, but he was not charged as a principal and was not charged with actual possession of a firearm.

The trial court dismissed the motion, explaining that rule 3.800(a) cannot be used to raise challenges to a conviction, that the time for filing a rule 3.850 motion had expired, and that a rule 3.850 motion would be successive. Moving for rehearing, Woodberry argued the court should have treated his motion as a rule 3.850 motion and allowed him to amend.

Even if his claims had been timely raised in a rule 3.850 motion, they are without merit.

Woodberry has raised his *Gray* claim at least three times. *Woodberry v. State*, 953 So. 2d 540 (Fla. 4th DCA 2007); *Woodberry v. State*, 827 So. 2d 1011 (Fla. 4th DCA 2002); *Woodberry v. State*, 699 So. 2d 699 (Fla. 4th DCA 1997). *Gray*, which was decided in 1995, does not apply retroactively. *State v. Woodley*, 695 So. 2d 297, 298 (Fla. 1997). Woodberry's conviction has been final since the mandate issued on direct appeal in March 1993. *Woodberry v. State*, 611 So. 2d 1291 (Fla. 4th DCA 1992). The fact that he was later resentenced on a postconviction motion did not restart the time for him to raise postconviction challenges to his conviction. *See Jones v. State*, 922 So. 2d 1088, 1090 (Fla. 4th DCA 2006) (recognizing that collateral proceedings do not toll the time for filing a rule 3.850 motion); *Joseph v. State*, 835 So. 2d 1221, 1222 n.3 (Fla. 5th DCA 2003) (observing that "it would make no sense to allow a judgment to be attacked many years after the expiration of the two-year deadline simply because a sentence was corrected pursuant to a rule 3.800(a) motion").

Regarding his second point, Woodberry acknowledges in his motion that he was charged with the substantive offenses. The State did not have to specifically charge a principal theory. *See State v. Roby*, 246 So. 2d 566, 571 (Fla. 1971). Robbery with a firearm, kidnapping, and armed burglary are first degree felonies punishable by life. §§ 787.01(2), 810.02(2), 812.13(2)(a), Fla. Stat. (1990). Woodberry was convicted as a principal. He has not shown that his sentences were improperly enhanced. *See, e.g., Dotel v. State*, 175 So. 3d 830, 832 (Fla. 4th DCA 2015).

Woodberry's continued filing of procedurally barred and frivolous claims interferes with this Court's ability to consider legitimate claims. In response to this Court's order, Woodberry failed to show good cause why sanctions should not be imposed. Therefore, the Clerk of this Court is directed to no longer accept pleadings filed by Woodberry unless signed by a member in good standing with the Florida Bar, who certifies that there is a good faith basis for the claims presented. A copy of this opinion is also being sent to Woodberry's prison for consideration of disciplinary action. § 944.279(1), Fla. Stat. (2015).

WARNER, GROSS and TAYLOR, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***